LEACH JOHNSON SONG & GRUCHOW
SEAN L. ANDERSON
Nevada Bar No. 7259
RYAN D. HASTINGS
Nevada Bar No. 12394
8945 W. Russell Road, Suite 330
Las Vegas, NV 89148
Telephone:  (702) 538-9074
Facsimile:  (702) 538-9113
Email: sanderson@leachjohnson.com
Email: rhastings@leachjohnson.com
Attorneys for Defendant Bluffs Community Association
a/k/a The Bluffs

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SATICOY BAY, LLC SERIES 1702 EMPIRE MINE,<br><br>                    Plaintiff,<br><br>vs.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION; and CLEAR RECON CORP.,<br><br>                    Defendants.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>                    Counterclaimant,<br><br>vs.<br><br>SATICOY BAY, LLC SERIES 1702 EMPIRE MINE; BLUFFS COMMUNITY ASSOCIATION a/k/a THE BLUFFS; and NEVADA ASSOCIATION SERVICES,<br><br>                    Counter-Defendants. | Case No.: 2:14-cv-01975-JAD-NJK<br><br>**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** |

Defendant BLUFFS COMMUNITY ASSOCIATION ("Association"), by and through its counsel, Leach Johnson Song & Gruchow, respectfully submit their Motion to Dismiss Counterclaimant's Complaint.

This Motion is made pursuant to NRS 38.310, FRCP 12(b) and the attached Memorandum of Points and Authorities, together with such other and further evidence and argument as may be presented and considered by this Court at any hearing of this Motion.

DATED this 29 day of January, 2015.

**LEACH JOHNSON SONG & GRUCHOW**

Sean L. Anderson
Nevada Bar No. 7259
Ryan D. Hastings
Nevada Bar No. 12394
8945 West Russell Road, Suite 300
Las Vegas, Nevada 89148
*Attorneys for Defendant Bluffs Community Association a/k/a The Bluffs*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION AND RELEVANT FACTS

This action emanates from the Association's foreclosure of a delinquent assessment lien against the property located at 1702 Empire Mine Drive, Henderson, Nevada 89014 (the "Property"). Saticoy Bay, LLC Series 1702 Empire Mine ("Saticoy") was the successful bidder at the foreclosure sale, taking title to the Property by virtue of a foreclosure deed.

On or about October 14, 2014, Saticoy brought suit to quiet title to the Property in Saticoy's name. On or about November 26, 2014, Counterclaimant Federal National Mortgage Association's ("Fannie Mae") removed the case to the United States District Court. On December 23, 2014, Fannie Mae filed an Amended Answer to Complaint and Amended Counterclaim ("Complaint") wherein Fannie Mae brought several causes of action against the Association alleging violations of Nevada law with respect to the actions leading up to and including the Association's foreclosure sale.

NRS 38.310 provides that no civil action based on a claim relating to the interpretation, application, and enforcement of the governing documents of the Association may be filed in any court in this state unless it is first submitted to the Nevada Real Estate Division ("NRED")

mediation or referee program pursuant to NRS 38.300 to 38.360. Each of the claims brought against the Association would require this Court to interpret, apply or enforce the Association's governing documents, yet none of these claims have been mediated or arbitrated to date. Therefore, this Court must dismiss Fannie Mae's Counterclaims for lack of subject matter jurisdiction.

## II.  ARGUMENTS

**A.   The Association Is Not A Proper Party to Fannie Mae's Quiet Title Claim.**

In Nevada, NRS Chapter 40 governs actions to determine conflicting claims to real property. NRS 40.010 states in relevant part as follows:

> An action may be brought by any person against another **who claims an estate or interest in real property, adverse to the person bringing the action**, for the purpose of determining such adverse claim.

(Emphasis added.)

"A quiet title action is only necessary if a dispute exists between two or more parties over the rights to, or ownership of the property."  Turbay v. Bank of America, 2013 WL 1145212 (D.Nev.) at 4.

Here, the Association does not claim an ownership interest in the Property adverse to Fannie Mae. While each unit owner within the Association has a duty to pay the Association assessments pursuant to the Covenants, Conditions and Restrictions ("CC&Rs"), and such an obligation is ongoing for the Property in this case, the Association does not maintain that it currently has a lien or other interest in the Property such that it would claim an "estate or interest adverse" to Fannie Mae. Because the Association is not making an adverse claim to the Property, it is not a proper party to Fannie Mae's quiet title claim and the Association should be dismissed from that claim.

**B.   This Court Lacks Subject Matter Jurisdiction to Consider Fannie Mae's Complaint.**

NRS § 38.310 provides:

> No **civil action** based upon a claim **relating to**:

-3-

(a) the **interpretation, application or enforcement of any** covenants, conditions or restrictions applicable to residential property or any bylaws, **rules or regulations adopted by an association**; or

(b) the procedures used for increasing, decreasing or imposing additional assessments upon residential property, **may be commenced in any court in this state unless the action has been submitted to mediation or arbitration pursuant to the provisions of NRS 38.300 to 38.360, inclusive,** and, if the civil action concerns real estate within a planned community subject to the provisions of Chapter 116 of NRS all administrative procedures specified in any covenants, conditions or restrictions applicable to the property in any bylaws, rules and regulations of an association have been exhausted.

2. **A court shall dismiss any civil action which is commenced in violation of the provisions of Subsection 1.**

*Id.* (emphasis added).

NRS 38.310 "[e]xpresses Nevada's public policy favoring arbitration of disputes involving the interpretation of CC&Rs." *Hamm v. Arrowcreek Homeowners' Ass'n*, 124 Nev. 28, 183 P.3d 895, 902 (2008). In *Hamm v. Arrowcreek Homeowners' Ass'n*, 124 Nev. 290, 183 P.3d 895 (2008), the plaintiff homeowners owned a vacant lot against which the association recorded an assessment lien. *Id.* 124 Nev. 294, 138 P.3d at 899. Plaintiff filed an action in district court alleging slander of title and breach of contract, seeking, among other things, a declaratory judgment and permanent injunction eliminating any assessments against his lot and a release of lien. *Id.* The district court dismissed the complaint under NRCP 12(b)(5), holding that pursuant to NRS 38.310, the plaintiffs were required to submit their complaint to NRED ADR prior to seeking relief in district court. *Id.* The Nevada Supreme Court affirmed, finding that the homeowners' claims constituted a "civil action" as defined under NRS 38.310 because it related to the interpretation, application or enforcement of the association's governing documents.

In October 2013, the Nevada Supreme Court reaffirmed its holding in *Hamm* that actions involving the interpretation of a homeowners association's CC&Rs must be submitted to ADR prior to being brought in district court. *McKnight Fam., L.L.P. v. Adept Mgmt.*, 310 P.3d 555, at

-4-

559 (Nev. 2013). In analyzing the various claims subject to dismissal under NRS 38.310, the Nevada Supreme Court held the following:

> [T]o determine whether an individual violated any conditions or failed to perform any duties required under an association's CC&Rs, a court must interpret the CC&Rs to determine their applicability and enforceability regarding the individual. This type of interpretation falls under NRS 38.310. *Id.*

The Supreme Court was clear that any cause of action which required an analysis of whether an individual violated or failed to perform a duty under the CC&Rs would require an interpretation of the CC&Rs thus making dismissal mandatory under 38.310. In *McKnight*, the Supreme Court dismissed claims for injunctive relief, negligence, breach of contract, breach of NAC 116, breach of NRS 116 claims, slander of title and wrongful foreclosure. *Id.* The only claim which was exempted from dismissal was a quiet title claim because a quiet title claim directly relates to an individual's right to possess and use his or her property. *Id.*

In addition to its quiet title claim, Fannie Mae brings a wrongful foreclosure claim, a declaratory relief claim, a slander of title claim and an unjust enrichment claim against the Association. *See generally* Complaint. The *McKnight* Court specifically held the following concerning wrongful foreclosure claims:

> Wrongful foreclosure is a civil action subject to NRS 38.310's requirements because deciding a wrongful foreclosure claim against a homeowners' association involves interpreting covenants, conditions or restrictions applicable to residential property. A wrongful foreclosure claim challenges the authority behind the foreclosure, not the foreclosure act itself.

*Id.*

In this case, Fannie Mae's claim for wrongful foreclosure clearly falls under the Court's ruling in *McKnight* and therefore, must be dismissed by this Court. Fannie Mae challenges the authority of the Association's foreclosure sale by arguing that the Association failed to provide the requisite notices and that the amounts included in the Association's lien violated Nevada law. *See* Complaint at 9-12. NRS 38.310 requires the Court to dismiss Fannie Mae's wrongful foreclosure claim for lack of subject matter jurisdiction.

Each of Fannie Mae's additional claims; slander of title, declaratory relief and unjust enrichment are also subject to dismissal under *McKnight* because each would require this Court

-5-

to interpret, apply, or enforce the Association's CC&Rs. As an initial matter, there can be no argument whether Fannie Mae's claim for slander of title is subject to dismissal as that specific type of claim was dismissed by the *McKnight* Court. Additionally, Fannie Mae's claims for declaratory relief and unjust enrichment are based on the same basic facts - that the Association lacked the authority to foreclose on the Property thereby making the foreclosure unlawful and entitling Fannie Mae to declaratory relief and damages for unjust enrichment. *See generally* Complaint. Because the Association's ability to assess and eventually foreclose on properties contained within the community comes directly from the Association's CC&Rs, it is impossible for this Court to make any legal determination as to claims challenging the Association's authority to foreclose on its delinquent assessment lien without necessarily interpreting, applying, or enforcing the Association's CC&Rs. Therefore, each additional claim in Fannie Mae's Complaint must be dismissed by this Court for lack of subject matter jurisdiction.

### IV. CONCLUSION

For the reasons set forth above, this action should be dismissed in its entirety.

DATED this 29 day of January, 2015.

**LEACH JOHNSON SONG & GRUCHOW**

_____
SEAN L. ANDERSON
Nevada Bar No. 7259
RYAN D. HASTINGS
Nevada Bar No. 12394
8945 W. Russell Road, Suite 330
Las Vegas, NV 89148
*Attorneys for Defendant Bluffs Community Association a/k/a The Bluffs*

-6-

# **CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), the undersigned, an employee of LEACH JOHNSON SONG & GRUCHOW, hereby certified that on the 29th day of January, 2015, I served a true and correct copy of the foregoing, DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT to all parties via CM/ECF.

| | |
|---|---|
| Laurel I. Handley<br>lhandley@piteduncan.com<br>Krista J. Nielson<br>knielson@piteduncan.com<br>PITE DUNCAN, LLP<br>520 South 4th Street, Suite 360<br>Las Vegas, NV 89101<br>Tel: (858) 750-7600  Fax: (702) 685-6342<br>*Attorneys for Federal National Mortgage Association and Clear Recon Corp.* | Michael F. Bohn<br>Jeff Arlitz<br>Law Offices of Michael F. Bohn, Esq., Ltd.<br>376 East Warm Springs Road, Suite 140<br>Las Vegas, NV 89119<br>Tel.: (702) 642-3113  Fax: (702) 642-9766<br>*Attorneys for Plaintiff* |
| Leslie Bryan Hart<br>lhart@lionelsawyer.com<br>Lionel Sawyer & Colllins<br>50 West Liberty Street, Suite 1100<br>Reno, NV 89501<br>Tel: (775) 788-8666  Fax: (775) 788-8682 | Richard Vilkin<br>Law Offices of Richard Vilkin, P.C.<br>1286 Crimson Sage Avenue<br>Henderson, NV 89012<br>Ph.: (702) 476-3211<br>Fax: (702) 476-3212<br>Richard@vilkinlaw.com<br>*Attorneys for Counterdefendant Nevada Association Services, Inc.* |
| (Pro Hac Vice Pending)<br>Asim Varma<br>Asim.Varma@aporter.com<br>Howard N. Cayne<br>Howard.Cayne@aporterc.om<br>Michael A.F. Johnson<br>Michael.Johnson@aporter.com<br>Arnold & Porter LLP<br>555 12th Street NW<br>Washington, DC 20004<br>Tel: (202) 942-5000  Fax: (202) 942-5999<br>*Attorneys for Federal Housing Finance Agency* | |

/s/ *signature*
An Employee of LEACH JOHNSON SONG & GRUCHOW