1 | LAUREL I. HANDLEY (NV Bar #9576)
KRISTA J. NIELSON (NV Bar #10698)
2 | **ALDRIDGE PITE, LLP**
520 South 4th Street, Suite 360
3 | Las Vegas, Nevada 89101
Telephone: (858) 750-7600
4 | Facsimile: (702) 685-6342
E-mail: knielson@aldridgepite.com
5

6 | Attorneys for Defendant/Counterclaimant FEDERAL NATIONAL MORTGAGE
ASSOCIATION and Defendant CLEAR RECON CORP.

7

8

9 | **UNITED STATES DISTRICT COURT**

10 | **DISTRICT OF NEVADA**

| | |
|---|---|
| 11 | SATICOY BAY, LLC SERIES 1702 EMPIRE MINE, | Case No.: 2:14-cv-01975-GMN-NJK |
| 12 | Plaintiff, | **OPPOSITION TO MOTION TO DISMISS** |
| 13 | vs. | |
| 14 | FEDERAL NATIONAL MORTGAGE ASSOCIATION; and CLEAR RECON CORP., | |
| 15 | | |
| 16 | Defendants. | |
| 17 | and | |
| 18 | FEDERAL HOUSING FINANCE AGENCY, as Conservator of the Federal National Mortgage Association, | |
| 19 | | |
| 20 | Intervenor. | |
| 21 | | |
| 22 | FEDERAL NATIONAL MORTGAGE ASSOCIATION, | |
| 23 | Counterclaimant, | |
| 24 | and | |
| 25 | FEDERAL HOUSING FINANCE AGENCY, as Conservator of the Federal National Mortgage Association, | |
| 26 | | |
| 27 | Intervenor, | |
| 28 | | |

- 1 -

1    vs.

2    SATICOY BAY, LLC SERIES 1702 EMPIRE
     MINE; BLUFFS COMMUNITY
3    ASSOCIATION a/k/a THE BLUFFS;

4         Counter-Defendants.

5

6         COMES NOW Defendant/Counterclaimant, Federal National Mortgage Association

7    ("Fannie Mae"), by and through its counsel of record, and hereby files its opposition to Counter-

8    Defendant, BLUFFS COMMUNITY ASSOCIATION a/k/a THE BLUFFS (the "Bluffs"),

9    Motion to Dismiss.[1] This Opposition is based on the pleadings and papers on file with the Court,

10   the following Memorandum of Points and Authorities and any oral argument permitted.

11                    **MEMORANDUM OF POINTS AND AUTHORITIES**

12                         **I.      INTRODUCTION**

13        The Bluffs attempts to hide behind a state statute intended to encourage homeowners and

14   homeowners' associations ("HOAs") to resolve assessment disputes through alternative dispute

15   resolution. In doing so, the Bluffs misapplies when the statute is triggered and oversimplifies the

16   case law interpreting it. Indeed, the Bluffs ignores that in *McKnight Family, L.L.P. v. Adept*

17   *Management*, 129 Nev. Adv. Op. 64, 310 P.3d 555, 557 (2013), the Nevada Supreme Court ruled

18   that some, but not all, claims against a homeowner's association are subject to mandatory

19   arbitration.   Specifically, the arbitration requirement established in Nevada Revised Statute

20   ("N.R.S.") § 38.310 does not apply when the dispute (1) is not based on an interpretation,

21   application, or enforcement of an HOA's covenants, conditions, and restrictions ("CC&Rs") or

22   (2) involves title to real property. Further, Courts in this District have held that N.R.S. § 38.310

23   does not apply to claims requiring interpretation of N.R.S. § 116.3116. *See My Global Village v.*

24   *Federal National Mortgage Association*, No. 2:15-cv-00211-RCJ-NJK, slip op. at 3 (D. Nev.

25   Apr. 30, 2015) (holding that a counterclaim asserting violations of N.R.S. § 116.31164 does not

26

27   _____
     [1] The Bluffs' motion is titled "Defendants' Motion to Dismiss Plaintiff's Amended Complaint."
28   However, in substance, the motion seeks dismissal of Fannie Mae's Answer to Amended
     Complaint and Counterclaim on April 24, 2015. [Dkt. 85.]

                                    - 2 -

1  require interpretation of an HOA's CC&Rs and thus is not subject to N.R.S. § 38.310), attached
2  hereto as Exhibit "A".

3       The Bluffs acknowledges that Fannie Mae seeks to determine title to real property;
4  however, the Bluffs fails to appreciate that Fannie Mae's claims are not based on the
5  interpretation or enforcement of CC&Rs or the homeowners' association's governing
6  documents, but rather are based on the Bluffs' failure to abide by the statutorily prescribed
7  procedure for conducting a foreclosure sale. Ultimately, Fannie Mae seeks to set aside the
8  Bluffs' foreclosure sale based on the Bluffs' and/or its agent's failure to abide by the statutory
9  foreclosure requirements. The Bluffs has not established that Fannie Mae fails plausibly to state
10 its claims and therefore, its motion to dismiss should be denied in its entirety.

11                    **II.    STATEMENT OF FACTS[2]**

12 **A.    FANNIE MAE'S INTEREST IN THE SUBJECT PROPERTY**

13       Fannie Mae is the owner of a promissory note ("Note"), which is secured by a first
14 priority deed of trust ("Deed of Trust") encumbering real property located 1702 Empire Mine
15 Drive, Henderson, Nevada 89014 ("Subject Property"). (Amended Counterclaim ¶¶ 7, 9, Ex. 1.)
16 Marshall L. Roush ("Roush") is the former owner of the Subject Property. (*See id.* ¶ 8.)  To
17 purchase the Subject Property, Roush borrowed $149,800.00 from Cendant Mortgage
18 Corporation (the "Roush Loan"). (*Id.* ¶ 8, Ex. 1.)  As part of that loan transaction, Roush
19 executed the Note and Deed of Trust encumbering the Subject Property. (*Id.*)  The Deed of Trust
20 was recorded on January 26, 2005, in the Official Records of Clark County, Nevada as
21 Instrument No. 200501260003768. (*Id.* ¶ 10, Ex. 1.)

22       Fannie Mae purchased the Roush Loan from PHH Mortgage Corporation (previously
23 known as Cendant Mortgage Corporation) on or about October 28, 2004 and ultimately became
24 the beneficiary of the Deed of Trust. (*See id.* ¶¶ 9-14, Ex. 2-5.)

25

26

27 [2] The facts are taken from Fannie Mae's Amended Counterclaim, which facts are assumed to be
   true for purposes of the motion to dismiss. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 589
28 (2007).

1      **B.      THE HOA FORECLOSURE SALE**

2              The Subject Property is within the Bluffs, which charges monthly assessments to each
3      unit within the association. (*See id.* ¶¶ 15-18.) At some point after purchasing the Subject
4      Property, Roush stopped paying the regular monthly assessments for common expenses, and the
5      Bluffs retained Nevada Association Services ("NAS") to collect the delinquent assessments.
6      (*Id.*) To do so, NAS, acting on behalf of the Bluffs, recorded a Notice of Delinquent Assessment
7      (Lien) ("HOA Lien") on the Subject Property. (*Id.* ¶¶ 18, Ex. 6.)

8              The HOA Lien stated that the total amount due was $1,472.05. (*Id.* ¶ 16, Ex. 6.) The
9      HOA Lien states this amount includes "late fees, collection fees and interest . . . ." (*Id.*)
10     Thereafter, NAS, acting on behalf of the Bluffs, recorded a Notice of Default and Election to Sell
11     Under Homeowner's Association Lien ("Notice of Default"). (*Id.* ¶ 19, Ex. 7.) Roush did not
12     pay off the amount claimed by the Bluffs and, as a result, the Bluffs, through it agent NAS,
13     recorded a Notice of Foreclosure Sale which claimed that the total amount due had increased to
14     $5,130.24. (*Id.* ¶ 22, Ex. 8.)

15             Less than one month later, the Bluffs, through its agent NAS, proceeded to foreclosure.
16     (*Id.* ¶ 29.) On or about August 29, 2014, the Subject Property was purportedly sold ("HOA
17     Sale") to Plaintiff/Counter-Defendant Saticoy Bay LLC Series 1702 Empire Mine ("Saticoy
18     Bay"). (*Id.* ¶¶ 29-31, Ex. 9.) Following the HOA Sale, the Bluffs' agent recorded a Foreclosure
19     Deed which claimed Saticoy Bay was the highest bidder at the HOA Sale with a bid of
20     $21,500.00, but that the taxable value of the property was $83,569.00. (*See id.* ¶¶ 29-32, Ex. 9.)

21             Fannie Mae alleges that the Bluffs and/or its agent, NAS, failed to comply with the
22     statutory requirements for a nonjudicial foreclosure of a homeowner's association lien set forth
23     in N.R.S. Chapter 116. (*Id.* ¶ 38.) Indeed, the purported sale was not held in a commercially
24     reasonable manner and the Bluffs and/or its agent failed to provide a legally sufficient HOA
25     Lien, Notice of Default and Notice of Sale to Fannie Mae and/or its predecessors in interest as
26     required by N.R.S. § 107.090 and Chapter 116. (*Id.* ¶¶ 45-62.) Fannie Mae alleges in its
27     Amended Counterclaim that Saticoy Bay is not a bona fide purchaser and the HOA Sale was
28     invalid as to Fannie Mae and has no effect on Fannie Mae's prior recorded first priority Deed of

1  Trust, which continues to encumber the Subject Property. (*Id.* ¶¶ 59, 61, 79-84.) Fannie Mae
2  claims the Bluffs' foreclosure sale and purported transfer of the Subject Property free and clear
3  of Fannie Mae's Deed of Trust is void. (*Id.* ¶¶ 59, 79-84.)

4  **C.  PROCEDURAL HISTORY**

5  Saticoy Bay initiated the current action on or about October 14, 2014, in the Eighth
6  Judicial District Court for the State of Nevada. In its complaint, Saticoy Bay alleged two causes
7  of action, each seeking a declaration that Saticoy Bay owns the Subject Property free and clear of
8  any other interests, including Fannie Mae's Deed of Trust.

9  Fannie Mae and Defendant Clear Recon Corp. removed the action to this Court on
10  November 26, 2014. [Dkt. 1.] On December 2, 2014, Fannie Mae filed its Answer to Complaint
11  and Counterclaim. [Dkt. 1.] On December 10, 2014, the Court entered an Order permitting
12  Federal Housing Finance Agency ("FHFA") to intervene in the action. [Dkt. 16.] On December
13  11, 2014, Fannie Mae and FHFA filed a Motion for Summary Judgment.[3] [Dkt. 17.]

14  Thereafter, on December 23, 2014, Fannie Mae filed its Amended Answer and Amended
15  Counterclaim ("Amended Counterclaim") alleging causes of action against not only Saticoy Bay,
16  but also the Bluffs and NAS[4]. [Dkt. 23.] The causes of action alleged against the Bluffs are: (1)
17  Wrongful Foreclosure, (2) Quiet Title, (3) Declaratory Relief, (4) Slander of Title and (5) Unjust
18  Enrichment. In its Amended Counterclaim, Fannie Mae sought an order quieting title and a
19  declaration that the HOA Sale was void as to Fannie Mae and that its first priority Deed of Trust
20  continues to encumber the Subject Property. (*See* Amended Counterclaim at Prayer.)

21  Saticoy thereafter filed a Motion to Amend Complaint on March 25, 2015. [Dkt. 73.] On
22  April 7, 2015, the Court entered an Order granting the Motion to Amend Complaint. [Dkt. 75.]
23  Saticoy then filed its Amended Complaint on April 7, 2015. [Dkt. 77.] In response, Fannie Mae
24  filed an Answer to Amended Complaint and Counterclaim on April 24, 2015, containing

25

26  [3] Saticoy Bay filed an Opposition to the Motion for Summary Judgment on February 2, 2015. [Dkt. 54, 55.] Fannie Mae and FHFA's filed their Reply on March 5, 2015. [See Dkt. 69.]

27  [4] Fannie Mae dismissed its claims against NAS without prejudice via stipulation and an Order
28  dismissing NAS was entered on January 16, 2015. [Dkt. 44.]

- 5 -

1 identical allegations and counterclaims as those set forth in the December 23, 2014, Amended
2 Answer and Amended Counterclaim. [Dkt. 85.]    Saticoy filed an Answer to Amended
3 Counterclaim on May 15, 2015. [Dkt. 94.] The Bluff filed its Motion to Dismiss on May 15,
4 2015.[5] [Dkt. 95.]

5 ## III.    LEGAL STANDARD

6       Under Federal Rule of Civil Procedure 8(a)(2), a pleading need not contain "detailed
7 factual allegations," but must only contain a "short and plain statement of the claim showing that
8 the pleader is  entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). "To survive a
9 motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a
10 claim to relief that is plausible on its face." *Id.* at 678 (citation omitted). "[F]or the purposes of
11 a motion to dismiss [the court] must take all of the factual allegations in the complaint as true.
12 *Id.* Indeed, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual
13 proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl.*
14 *Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

15 ## IV.    ARGUMENT[6]

16 **A.    THE ARBITRATION REQUIREMENT IN N.R.S. § 38.310 DOES NOT APPLY TO FANNIE**
   **MAE'S COUNTERCLAIMS, WHICH RELATE SOLELY TO THE INTERPRETATION OF**
17 **STATUTE.**

18       The Bluffs argues that Fannie Mae's claims are barred by N.R.S. § 38.310. (*See* Motion
19 to Dismiss at 3-6.) However, the provisions of section 38.310 are not triggered simply because a
20 party has alleged causes of action against a homeowners' association. *See* N.R.S. § 38.310; *see*
21 *also McKnight Family, L.L.P. v. Adept Mgmt.*, 129 Nev. Adv. Op. __, __, 310 P.3d 555, 557
22 (2013).  Instead, the statute only applies to a "civil action based upon a claim relating to... (a)
23 [t]he interpretation, application or enforcement of any covenants, conditions or restrictions

24 
---
25 [5] The Bluffs previously filed a Motion to Dismiss on January 19, 2015. [Dkt. 53.] Following the
   filing of Fannie Mae's Answer to Amended Complaint and Counterclaim, and the filing of the
26 instant Motion to Dismiss, the January 19, 2015, Motion to Dismiss was denied as moot. [Dkt.
   97.]
27 [6] The Bluffs argues it is not a proper party to Fannie Mae's quiet title claim because it does not
   claim any ownership interest in the Subject Property. (Motion to Dismiss at 3.) Based on this
28 representation, Fannie Mae agrees to dismissal of its quiet title claim against to the Bluffs,
   without prejudice.

1  applicable to residential property or any bylaws, rules or regulations adopted by an association . .

2  . ." NRS § 38.310. Thus, before the arbitration requirement applies to an action, the action must

3  be: (1) a civil action; and (2) related to the interpretation, application, or enforcement of any

4  CC&Rs or the rules and regulations of the HOA. *Id.*; *see also Hamm v. Arrowcreek*

5  *Homeowners' Ass'n*, 124 Nev. 290, 295, 183 P.3d 895, 899-900 (2008). Conversely, when an

6  association's CC&Rs, bylaws, rules or regulations are not at issue (as here), a plaintiff is not

7  required to submit its claims to mediation or arbitration prior to filing an action in district court.

8  *See My Global Village v. Federal National Mortgage Association*, No. 2:15-cv-00211-RCJ-NJK,

9  slip op. at 3 (D. Nev. Apr. 30, 2015); *Calvert v. Alessi & Koenig, LLC*, No. 2:11-cv-00333-LRH-

10  PAL, 2013 WL 592906, *6 (D. Nev. Feb. 12, 2013).

11  In this case, none of Fannie Mae's claims require this Court to interpret or apply any of

12  the Bluffs' CC&Rs or governing documents. Instead, each claim seeks an interpretation of

13  N.R.S. Chapter 116 and a determination that the Bluffs failed to comply with the statutory

14  foreclosure requirements. The claims against the Bluffs have nothing to do with the amount of

15  assessments charged pursuant to the Bluffs' CC&Rs; instead the claims challenge the improper

16  methods used by the Bluffs to collect those assessments through foreclosure. Fannie Mae's

17  challenge to the *manner* in which the Bluffs foreclosed is not subject to N.R.S. § 38.310. *See My*

18  *Global Village,* No. 2:15-cv-00211-RCJ-NJK, at *3; *Calvert*, 2013 WL 592906, at *6.

19  In *My Global Village*, counterclaimant Federal National Mortgage Association asserted

20  claims for declaratory relief, quiet title and, in the alternative, unjust enrichment alleging that the

21  HOA Sale did not extinguish Fannie Mae's deed of trust and that the HOA and HOA trustee

22  violated N.R.S. § 116.31164 as they failed to distribute excess proceeds following the HOA

23  foreclosure sale. *Id.* at *2. The Court noted that the case did not concern "the procedures for

24  adjusting assessments upon residential realty." *Id.* It further noted that the case involved whether

25  "federal law limits the operation of NRS section 116.3116" and "does not require the

26  interpretation, application, or enforcement of any CC&R." *Id.* Thus, each of the claims,

27  including the unjust enrichment allegations, like the ones here, did not require interpretation of

28  CC&Rs and were thus not barred by N.R.S. § 38.310. *Id.* at *3. Similarly, in this case, the court

– 7 –

OPPOSITION TO MOTION TO DISMISS

1   should not dismiss Fannie Mae's counterclaims, each of which involve interpretation and
2   application of federal law and/or NRS Chapter 116 – not "the interpretation, application or
3   enforcement of any CC&R" or the "procedures for adjusting assessments upon residential
4   realty."

5          In *Calvert*, the plaintiff homeowner sued Alessi & Koenig, LLC ("AK"), a company
6   hired by plaintiff's HOA to collect past due assessments from plaintiff. *Id.* at *1. AK sent
7   plaintiff multiple letters attempting to collect the past due assessments which threatened "the
8   initiation of foreclosure proceedings" and did not identify AK as a debt collector. *Id.* Plaintiff
9   sued AK alleging the collection letters violated the Fair Debt Collection Practices Act
10  ("FDCPA"). In defense, AK argued (as the Bluffs argues here) that plaintiff's claims were
11  barred by N.R.S. section 38.310 for failure to first pursue mandatory mediation or arbitration.
12  *Id.* at *6. The court rejected AK's argument and noted the dispute was not about "about the
13  increase, decrease or imposition of additional assessments." *Id.* Instead, the dispute involved
14  AK's "practices used to collect *undisputed* assessments." *Id.* (emphasis in original). Because
15  the court was not required to interpret the HOA's CC&Rs to determine if AK's collection
16  practices violated the FDCPA, the *Calvert* court held that NRS section 38.310 was inapplicable
17  to the plaintiff's claims. *Id.*; *see also Karimova v. Alessi & Koenig, LLC*, No. 1:13-CV-151-
18  JCM-CWH, 2013 WL 3678091, *2 (D. Nev. July 11, 2013) (recognizing the holding in *Calvert*
19  that mediation or arbitration under N.R.S. § 38.310 was not required "because the assessment
20  amounts were undisputed.").

21         To support its motion, the Bluffs relies on two cases, *McKnight*, 310 P.3d 555 and
22  *Hamm*, 183 P.3d 895 (2008). Both cases fail to support the Bluffs' argument.

23         In *Hamm*, property owners challenged their HOA's right to… assess dues against their lot
24  and sought a release of the lien. The plaintiffs alleged they sought "court intervention to
25  interpret the language" of the homeowner's association's CC&Rs. *Hamm*, 183 P.3d at 296. The
26  court recognized that to adjudicate the plaintiffs' claims, it would be required to examine the
27  association's CC&Rs to determine if the assessment was proper. *Id.* Thus, the plaintiffs' claims
28  were dismissed for failure to first arbitrate in compliance with N.R.S. § 38.310. Unlike in

1    *Hamm*, Fannie Mae does not challenge the dues assessed, nor does it claim the HOA Lien should
2    be released.  Instead, Fannie Mae claims that the Bluffs and its agent failed to comply with
3    N.R.S. Chapter 116 in enforcing the HOA Lien.  This requires no application or interpretation of
4    the CC&Rs or the governing documents; it only requires interpretation of N.R.S. § 116.3116 *et*
5    *seq*. and its application to the actions of the Bluffs and its agent.

6          In *McKnight*, the plaintiff disputed allegedly unpaid assessments to an HOA. *McKnight*,
7    310 P.3d at 557.  The plaintiff property owner brought claims against its HOA for injunctive
8    relief, negligence, breach of contract, violation of N.A.C. §§ 116.300 and 116.341, violation of
9    N.R.S. §§ 116.1113 and 116.3103, slander of title, wrongful foreclosure and quiet title. *Id.* On
10   appeal, the Nevada Supreme Court affirmed the dismissal of the majority of the plaintiff's
11   claims, holding that they were based on a dispute concerning whether payments made to the
12   HOA were proper under the HOA's governing documents. *Id.* at 558-59.  The court did *not*
13   dismiss the plaintiff's quiet title claim or his motion to set aside the foreclosure, which were
14   claims related to title. *Id.* at 559.  In holding that the plaintiff's wrongful foreclosure claim was
15   subject to the arbitration requirements of NRS § 38.310, the court determined that this claim
16   involved the interpretation of the homeowner's association's CC&Rs because it challenged
17   whether there was a default and whether the HOA had authority to initiate a foreclosure. *Id.*
18   However, if the party challenges the foreclosure act itself, the same review is not required, and
19   the claim is not subject to N.R.S. § 38.310. *Id.*

20         Courts in this District have similarly held that claims challenging the actions of an HOA
21   not involving its governing document need not be submitted to mediation or arbitration prior to
22   filing a claim. *See Gray v. Account Recovery Solutions*, No. 2:13-CV-887 JCM GWF, 2014 WL
23   347576, at *1 (D. Nev. Jan. 30, 2014) (holding claims related to violations of the Fair Debt
24   Collection Practices Act were not subject to N.R.S. § 38.310's arbitration requirement because
25   "plaintiff puts forward no dispute regarding the amount that defendant sought to collect, and
26   instead argues that defendant's debt collection practice violated the FDCPA."); *Calvert*, 2013
27   WL 592906 at *6.

28         While at first blush the names of Fannie Mae's counterclaims match the names of the

1  claims dismissed in *McKnight*, the basis for Fannie Mae's claims and the relief sought are
2  materially different from those at issue in *McKnight*. Here, Fannie Mae does not challenge the
3  Bluffs' assessments nor the Bluffs' authority to place a lien on the Subject Property. Instead,
4  Fannie Mae claims the *manner* in which the Bluffs completed its foreclosure sale was invalid by
5  reference to the governing state statutory standard. In its wrongful foreclosure claim, Fannie
6  Mae alleges the Bluffs did "not provide legally sufficient notice of the Bluffs' [] foreclosure
7  proceedings on the Subject Property" and that the Bluffs and its agent "failed to comply with the
8  statutory requirements for a non-judicial foreclosure of a homeowner's association lien set forth
9  in [NRS] Chapter 116." (Amended Counterclaim ¶¶ 37-38.) Fannie Mae further claims that the
10  HOA Lien and foreclosure notices improperly included costs of collection in violation of N.R.S.
11  § 116.31162. It is not the amount of the collection costs or the ability of the Bluffs to seek
12  collection costs from its homeowner pursuant to the CC&Rs that Fannie challenges. Instead,
13  Fannie Mae challenges whether collection costs can be included in the lien pursuant to statute
14  (they cannot) and whether the Bluffs provided proper notice of the foreclosure pursuant to the
15  statute (it did not).

16      The same is true of Fannie Mae's claims for declaratory relief, slander of title, and unjust
17  enrichment. Fannie Mae alleges the Bluffs "failed to comply with the statutory requirements for
18  a non-judicial foreclosure of a homeowner's association lien set forth in N.R.S. Chapter 116."
19  (Amended Counterclaim ¶ 69.) Fannie Mae also alleges the sale was not held in a commercially
20  reasonable manner and that the foreclosure notices were not legally sufficient. (*Id.* ¶¶ 70-71.)
21  None of these allegations require an interpretation of the CC&Rs and instead only require
22  statutory interpretation. Similarly, in its declaratory relief claim, Fannie Mae seeks a declaration
23  that the HOA Sale was void as to Fannie Mae based on the failure to comply with Chapter 116 in
24  conducting the sale. (*Id.* ¶¶ 77-84.) With regard to its slander of title claim, Fannie Mae alleges
25  title did not transfer because "the HOA Sale did not satisfy the requirement of NRS Chapter
26  116." (*Id.* ¶ 87.) Finally, with regard to unjust enrichment, Fannie Mae alleges the Bluffs
27  improperly retained amounts it received from the foreclosure sale (*Id.* ¶ 99-100.)

28      The Bluffs does not, because it cannot, identify a single reference to a CC&R or

- 10 -

1  governing document in Fannie Mae's Counterclaim.  That is because at the root of each of
2  Fannie Mae's claims is the contention that the foreclosure act itself was not conducted in
3  accordance with the requirements of N.R.S. Chapter 116.  This Court need not review any
4  CC&Rs to determine whether the Bluffs or its agent satisfied those statutory requirements.  Thus,
5  the arbitration requirements of N.R.S. § 38.310 do not apply to Fannie Mae's Counterclaim.

6  **B.    FANNIE MAE'S CLAIMS RELATE TO TITLE AND ARE NOT SUBJECT TO NRS 38.310**

7       Fannie Mae's claims are also not subject to N.R.S. § 38.310 because they relate to title.
8  This is confirmed both by the statute and the Nevada Supreme Court's decision in *McKnight*.
9  "Civil action" as used in N.R.S. § 38.310 "does not include… an action relating to the title of
10 residential property."  N.R.S. § 38.300; *McKnight*, 310 P.3d at 559.  When claims require a court
11 to determine who holds superior title to a parcel of land, the claim is exempt from N.R.S. §
12 38.310. *See McKnight*, 310 P.3d at 559.  Accordingly, N.R.S. § 38.310 does not divest a court of
13 its jurisdiction to determine who has superior title to real property and, if necessary, set aside a
14 foreclosure sale. *Id.*

15      Fannie Mae's claims are akin to the quiet title claim that *McKnight* held was not subject
16 to N.R.S. § 38.310 because they concern title to the Subject Property. *See id.*  Through its
17 wrongful foreclosure claim, Fannie Mae seeks "an order that the HOA Sale was void as to
18 Fannie Mae and that Fannie Mae's first priority Deed of Trust continues to encumber the Subject
19 Property."  (Amended Counterclaim at 16.)  Similarly, in its claim for declaratory relief, Fannie
20 Mae is seeking "a declaration that the HOA Sale . . . did not affect or extinguish Fannie Mae's
21 rights, status, legal relations and interest in the subject Property. (*Id.* at 17.)  Accordingly, for
22 this additional reason, the claims do not constitute a "civil action" as defined in N.R.S. § 38.310.
23 /./.
24 /./.
25 /./.
26 /./.
27 /./.
28 /./.

1

## V.    **CONCLUSION**

2       For the foregoing reasons, Fannie Mae respectfully requests that this Court deny the

3 Bluffs' Motion to Dismiss Fannie Mae's wrongful foreclosure, declaratory relief, slander of title

4 and unjust enrichment claims. Fannie Mae agrees to dismissal of its quiet title claim against the

5 Bluffs, without prejudice, based on the Bluffs' representation that it does not claim any

6 ownership interest in the Subject Property.

7       DATED this 1st day of June 2015.

8                         ALDRIDGE PITE, LLP

9

10                         */s/ Krista J. Nielson*
                        LAUREL I. HANDLEY

11                         KRISTA J. NIELSON
                        *Attorneys for Defendant/Counter-*

12                         *claimant FEDERAL NATIONAL*
                        *MORTGAGE ASSOCIATION and*

13                         *Defendant CLEAR RECON CORP.*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 12 -

**CERTIFICATE OF SERVICE**

1

2    I, the undersigned, declare:  I am, and was at the time of service of the papers herein

3    referred to, over the age of 18 years, and not a party to this action.  My business address is 520

4    South Fourth Street, Suite 360, Las Vegas, Nevada 89101.

5    I hereby certify that on June 1, 2015, I electronically transmitted the foregoing document

6    to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of

7    Electronic Filing to the following CM/ECF registrants:

8    Michael F. Bohn, Esq., mbohn@bohnlawfirm.com

9    Leslie Bryan Hart, Esq., lhart@fclaw.com

10   Asim Varma, Esq., asim.varma@aporter.com

11   Howard N. Cayne, Esq., howard.cayne@aporter.com

12   Richard J. Vilkin, Esq., richard@vilkinlaw.com

13   Michael A.F. Johnson, Esq.,  michael.johnson@aporter.com

14   I declare under penalty of perjury under the laws of the United States of America that the

15   foregoing is true and correct.

16   Executed this 1st day of June, 2015, at Las Vegas, Nevada.

17

18   _____

19   NATASHA D. PETTY

20

21

22

23

24

25

26

27

28

EXHIBIT "A"

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

|  |  |
|---|---|
| MY GLOBAL VILLAGE, LLC, | ) |
| Plaintiff, | ) |
| vs. | ) Case No.: 2:15-cv-00211-RCJ-NJK |
| FEDERAL NATIONAL MORTGAGE | ) **ORDER** |
| ASSOCIATION et al., | ) |
| Defendants. | ) |

This case arises out of a homeowner's association foreclosure sale. Pending before the

Court is a Motion to Dismiss (ECF No. 17). For the reasons given herein, the Court denies the

motion.

### I.  FACTS AND PROCEDURAL HISTORY

In 2003, non-party Carl D. Carlos purchased real property at 7709 Wedlock Lane, Las

Vegas, Nevada 89129 (the "Property"), giving non-party SunTrust Mortgage, Inc. a promissory

note in the amount of $181,600, secured by a first deed of trust (the "DOT") against the Property.

(*See* Answer & Countercl. ¶ 10, ECF No. 5). Defendant Federal National Mortgage Association

("Fannie Mae") purchased the promissory note on March 1, 2003 and obtained a separate

assignment of the DOT on October 13, 2013, (*id.* ¶¶ 12, 14), although the DOT presumably

followed the note to Fannie Mae on March 1, 2003 as a matter of law, *see Edelstein v. Bank of*

*N.Y. Mellon*, 286 P.3d 249, 257 (Nev. 2012). The Federal Housing Finance Agency ("FHFA")
placed Fannie Mae into conservatorship on September 6, 2008. (Answer & Countercl. ¶ 13). On
December 5, 2014, Counterdefendant Mountain Shadow Homeowner's Association, Inc. (the
"HOA") sold the Property to Plaintiff My Global Village, LLC at an HOA sale for $138,000,
although the fair market value of the Property was over $250,000. (*Id.* ¶¶ 30, 33, 36).

My Global Village sued Fannie Mae and trustee/auctioneer Nevada Association Services,
Inc. ("NAS") in state court to quiet title to the Property, for a declaration that the HOA sale
extinguished the DOT, for an injunction against Fannie Mae foreclosing under the DOT, and for
breach of contract and indemnification against NAS. Fannie Mae removed. NAS has not
appeared. Fannie Mae answered and has counterclaimed against Plaintiff and the HOA for
declaratory relief that the HOA foreclosure cannot under federal law have extinguished its
interest in the DOT, to quiet title to the Property, and, in the alternative, for unjust enrichment.
The FHFA intervened as a Defendant, answered, and counterclaimed against Plaintiff, the HOA,
and NAS against Plaintiff and the HOA for declaratory relief that the HOA foreclosure cannot
under federal law have extinguished its interest in the DOT and to quiet title to the Property. The
HOA has asked the Court to dismiss Fannie Mae's counterclaims.

## II.   DISCUSSION

The HOA argues that the Court has no subject matter jurisdiction over the case, citing

Nevada Revised Statutes ("NRS") section 38.310, which reads in full:

No civil action based upon a claim relating to:

(a) The interpretation, application or enforcement of any covenants, conditions or
restrictions applicable to residential property or any bylaws, rules or regulations
adopted by an association; or

(b) The procedures used for increasing, decreasing or imposing additional
assessments upon residential property,

may be commenced in any court in this State unless the action has been submitted to mediation or, if the parties agree, has been referred to a program pursuant to the provisions of NRS 38.300 to 38.360, inclusive, and, if the civil action concerns real estate within a planned community subject to the provisions of chapter 116 of NRS or real estate within a condominium hotel subject to the provisions of chapter 116B of NRS, all administrative procedures specified in any covenants, conditions or restrictions applicable to the property or in any bylaws, rules and regulations of an association have been exhausted.

2. A court shall dismiss any civil action which is commenced in violation of the provisions of subsection 1.

Nev. Rev. Stat. § 38.310. The Court denies the motion. The present case does not require the

interpretation, application, or enforcement of any CC&R. Nor does it concern the procedures for

adjusting assessments upon residential realty. The case concerns rather whether federal law

limits the operation of NRS section 116.3116.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 17) is DENIED.

IT IS SO ORDERED.

Dated this 30th day of April, 2015.

ROBERT C. JONES
United States District Judge