**LEACH JOHNSON SONG & GRUCHOW**
SEAN L. ANDERSON
Nevada Bar No. 7259
RYAN D. HASTINGS
Nevada Bar No. 12394
8945 W. Russell Road, Suite 330
Las Vegas, NV 89148
Telephone:   (702) 538-9074
Facsimile:    (702) 538-9113
Email: sanderson@leachjohnson.com
Email: rhastings@leachjohnson.com
*Attorneys for Defendant Bluffs Community Association a/k/a The Bluffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SATICOY BAY, LLC SERIES 1702 EMPIRE MINE, <br><br> FNMA, <br><br> vs. <br><br> FEDERAL NATIONAL MORTGAGE ASSOCIATION; and CLEAR RECON CORP., <br><br> Defendants. <br><br><br> FEDERAL NATIONAL MORTGAGE ASSOCIATION, <br><br> Counterclaimant, <br><br> vs. <br><br> SATICOY BAY, LLC SERIES 1702 EMPIRE MINE; BLUFFS COMMUNITY ASSOCIATION a/k/a THE BLUFFS; and NEVADA ASSOCIATION SERVICES, <br><br> Counter-Defendants. | Case No.: 2:14-cv-01975-JAD-NJK <br><br><br><br> **DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO DISMISS FNMA'S AMENDED COMPLAINT** |

Defendant BLUFFS COMMUNITY ASSOCIATION ("Association"), by and through its counsel, Leach Johnson Song & Gruchow, respectfully submit its Reply in Support of its Motion to Dismiss Counterclaimant's Complaint ("Reply").

This Reply is made pursuant to NRS 38.310, FRCP 12(b) and the attached Memorandum of Points and Authorities, together with such other and further evidence and argument as may be presented and considered by this Court at any hearing of this Motion.

DATED this 11th day of June, 2015.

**LEACH JOHNSON SONG & GRUCHOW**

_____
Sean L. Anderson
Nevada Bar No. 7259
Ryan D. Hastings
Nevada Bar No. 12394
8945 West Russell Road, Suite 300
Las Vegas, Nevada 89148
*Attorneys for Defendant Bluffs Community Association a/k/a The Bluffs*

## MEMORANDUM OF POINTS AND AUTHORITIES

**A.     The Association Is Not A Proper Party to FNMA's Quiet Title Action.**

As set forth in the Association's Motion, the Association does not claim an interest in the Property adverse to FNMA. Therefore, pursuant to NRS 40.010 the Association is not a proper party to FNMA's claim for quiet title. FNMA apparently agrees to the dismissal of its Quiet Title claim, therefore, the Quiet Title claim should be dismissed. *See* FNMA's Opposition at 6, fn.6.

**B.     FNMA's Claims Clearly Involve the Interpretation, Application and Enforcement of the Association's CC&Rs.**

FNMA argues that the Association's Motion should be denied as FNMA's Complaint does not involve an interpretation of the Association's CC&Rs. *See* FNMA's Opposition at 7:11-12. However, the Association's delinquent assessment lien exists by virtue of the NRS 116.3116 **and** the Association's CC&Rs. FNMA is well aware that the Association's assessment lien is based on the Association's CC&Rs as each of the notices recorded against the Property by the Association demonstrate that the Association's lien arose under Nevada law **and** the Association's CC&Rs. *See* Notice of Delinquent Assessment Lien, Notice of Default and

Election to Sell, Notice of Sale, and Foreclosure Deed, attached to FNMA's Amended Answer to Complaint and Amended Counterclaim as Exhibits 6-9. Indeed, the Notice of Claim of Delinquent Assessment Lien ("Assessment Lien"), specifically provides that the Association's assessment lien was recorded "[i]n accordance with Nevada Revised Statutes Section 116.3116 and the Declaration of Covenants, Conditions and Restrictions (CC&Rs) of [the Association]." *Id.* Similarly, the Notice of Default and Election to Sell Under Homeowners Association Lien ("Notice of Default") specifically provides notice that the Association's lien secures certain obligations under the Declaration of Covenants, Conditions, and Restrictions. *Id.*

Despite the relative simplicity of the application of NRS 38.310 to the present case, FNMA argues that this action, which seeks to invalidate the Association's foreclosure sale based upon a lien arising under the Association's CC&Rs, does not "relate to" the interpretation, application or enforcement of the governing documents of the Association. *See* FNMA's Opposition at 7. According to FNMA, this Court need only apply Nevada law to adjudicate FNMA's claims. Id. at 7:12-13. These arguments are untenable and contrary to well settled Nevada law.

### 1. This Court Lacks Jurisdiction pursuant to NRS 38.310.

FNMA essentially argues that because its Counterclaim fails to allege a violation of the Association's CC&Rs, it is somehow exempt from the arbitration or mediation requirement imposed under NRS 38.310. However, artful pleading by FNMA, combined with its self-invented narrow standard, is neither supported by the language of NRS 38.310 nor the case law interpreting and applying that statute, which requires dismissal of this civil action.

NRS 38.310(1) provides in pertinent part:

> No civil action based upon a claim **relating to**:
> (a) the **interpretation**, **application** or **enforcement** of any covenants, conditions or restrictions applicable to residential property or any bylaws, rules or regulations adopted by an association; or
>
> (b) the procedures used for increasing, decreasing or imposing additional assessments upon residential property . . .

(Emphasis added).

Plainly, NRS 38.310 contains no requirement that FNMA allege a breach of any particular CC&R, bylaw or rule or regulation in order to fall within its purview. Unlike NRCP 12(b)(5), NRS 38.310 is not concerned with effectiveness of pleading. Rather, the statute is concerned solely with the essential nature of a claim. If a claim simply "**relates**" to an association's CC&Rs, bylaws or rule or regulations, then the claim must be dismissed and submitted to arbitration or mediation as a threshold exhaustion requirement. There is a very distinct and substantive difference between an allegation that a CC&R provision, for example, has been breached and a claim that simply "relates to" such CC&Rs. A mere relationship of an association's CC&Rs, bylaws or rules to the merits of a claim is sufficient to divest this Court of jurisdiction when the claim is not first submitted to arbitration or mediation under NRS 38.310.

In fact, the *Hamm* Court expressly rejected the very arguments of FNMA that the present claim did not relate to the Association's CC&Rs, when it ruled:

> With respect to the Hamms' argument that they did not seek the CC&R's interpretation, the Hamms' complaint explicitly stated that the Hamms sought "court intervention to interpret the language . . . of the Arrowcreek [HOA] CC&Rs." **Further, as the district court found, resolving the merits of the Hamms' complaint would require the district court to interpret the CC&R's meaning to determine whether, under that meaning, Arrowcreek HOA's assessment was proper.**

*Hamm*, 183 P.3d 895, 900.

The district court found that the CC&Rs were integral in adjudicating the merits of a case **related** to a delinquent assessment lien. The Nevada Supreme Court agreed and upon that additional and independent basis, upheld the district court's dismissal under NRS 38.310.

A claim need only "relate to" the CC&Rs, bylaws, rules or regulations, or the procedures used for imposing procedures, like notice, in order to divest this Court of jurisdiction. As set forth above, the Association's Assessment Lien, which is based on NRS 116.3116 and the Association's CC&Rs, clearly meets this criterion. Indeed, the Assessment Lien, specifically provides that the Association's assessment lien was recorded "[i]n accordance with Nevada Revised Statutes Section 116.3116 and the Declaration of Covenants, Conditions and Restrictions (CC&Rs) of [the Association]." *See* Assessment Lien, attached to FNMA's

Counterclaim as Exhibit 6.

FNMA's efforts to claim that this case, which challenges the enforcement of Association's delinquent assessment lien, is strictly an NRS 116.3116 issue is incorrect, irrelevant and avoids the broader language and application of NRS 38.310 as interpreted by germane Nevada Supreme Court precedent.

### 2. NRS 116.3116 Requires that this Court Interpret, Apply and Enforce the Association's Governing Documents.

To avoid the application of NRS 38.310 to the present civil action FNMA has essentially argued that this is not a CC&Rs case. FNMA's Opposition at 7: 14-15. Rather, FNMA asserts that this is exclusively a case seeking a statutory interpretation of NRS 116.3116. *Id.* These arguments cannot coexist.

As a preliminary matter, NRS 116.3116 has no effect if the Association does not have governing documents recorded against the delinquent property at issue. There would be no assessment obligation for the Association to collect pursuant to NRS Chapter 116, including NRS 116.3116, if the Association or its authorized collection agent were not enforcing the Association's governing documents against the delinquent property at issue. Thus, the Association's Assessment Lien has its genesis in enforcement of the Association's governing documents. *See* Assessment Lien, attached to FNMA's Counterclaim as Exhibit 6.

More importantly however, NRS 116.3116 expressly defers to the content of the Association's CC&Rs, demonstrating that an analysis of whether the Association properly conducted a foreclosure sale pursuant to NRS Chapter 116 cannot be done without also evaluating the Association's CC&Rs. NRS 116.3116 provides, in relevant part, as follows:

> 1. The association has a lien on a unit for any construction penalty that is imposed against the unit's owner pursuant to NRS 116.310305, any assessment levied against that unit or any fines imposed against the unit's owner from the time the construction penalty, assessment or fine becomes due. **Unless the declaration otherwise provides**, any penalties, fees, charges, late charges, fines and interest charged pursuant to paragraphs (j) to (n), inclusive, of subsection 1 of NRS 116.3102 are enforceable as assessments under this section. If an assessment is payable in installments, the full amount of the assessment is a lien from the time the first installment thereof becomes due.

-5-

(Emphasis added).

Pursuant to NRS 116.3116, any fees, charges, fines and interest pursuant to NRS 116.3102(j)-(n) are also enforceable as assessments under NRS 116.3116. The fees, charges, fines and interest set forth in NRS 116.3102 are found in subsection (k) (charges for late payment of assessments) and subsection (m) (reasonable fines for violations). Pursuant to NRS 116.3116(1), the Association's governing documents "may provide otherwise," and provide for additional fees and costs to be included as assessments. *Id.*

In order to determine if the "declaration provides otherwise," it is obviously necessary to review, interpret and apply the governing documents of the Association. Accordingly, the finder of fact will be required to review, interpret and apply the declarations to determine if they "provide otherwise" from the default provision in NRS 116.3116. Because this exercise necessarily involves the review, interpretation and application of the Association's governing documents, determining the appropriate amount of an association's lien under NRS 116.3116 clearly falls within the scope of NRS 38.310 and must be dismissed.

Here, FNMA clearly challenges the authority of the Association to conduct its sale by arguing, in part, that the Association's lien cannot include certain amounts pursuant to NRS Chapter 116. *See* Amended Answer and Amended Counterclaim at ¶16-24. As set forth above, this court will be unable to address these allegations without reviewing, interpreting and applying the Association's declaration, therefore, FNMA's claims are subject to dismissal pursuant to NRS Chapter 38.

An additional example how an analysis of NRS Chapter 116 cannot be divorced from an analysis of the Association's governing documents can be seen in NRS 116.3116(4), which reads as follows:

> 4. Recording of the declaration constitutes record notice and perfection of the lien. No further recordation of any claim of lien for assessment under this section is necessary.

Without the Association's recorded declaration,[1] there is no notice or perfection of the

---

[1] NRS 116.037 defines "declaration" as follows: "'Declaration' means any instruments, however denominated, that create a common-interest community, including any amendments to those instruments." Such instruments are more

Association's lien. Based on the foregoing it is simply meritless to argue that the statutory lien provided for in NRS 116.3116 is completely and wholly independent of the declaration of Association. Rather, the Assessment lien is, as a matter of law, dependent on and intrinsically tied to the Association's declaration.

In litigating the merits of the FNMA's claims the primary question that the Court will have to answer is whether the Association complied with Nevada law in conducting its foreclosure sale on its interest. Because Nevada law incorporates the Association's governing documents, this question cannot be answered apart from a Defendant's recorded declaration. In light of NRS 116.3116(4), the declarations of the Association must be seen as documents pertinent to understanding the super priority lien. In light of this, the Court is compelled to dismiss the FNMA's Complaint pursuant to NRS 38.310.

C. **FNMA Fails to Provide Any Authority Which Supports Its Position**.

In an effort to support its position that NRS Chapter 38 does not apply to its claims, FNMA cites to three cases, none of which constitute mandatory authority, but which are easily distinguished from the facts of this case. For example, FNMA cites *Calvert v. Alessi & Koenig, LLC*, No. 2:11-cv-00333-LRH-PAL, 2013 WL 592906 (D. Nev. Feb. 12, 2013). However, in *Calvert*, the court was tasked with determining whether claims for violation of the Fair Debt Collection Practices Act ("FDCPA") were subject to dismissal pursuant to NRS Chapter 38. Here, there are no FDCPA claims being asserted, therefore, the findings of *Calvert* are largely irrelevant.

FNMA also cites *Karimova v. Alessi & Koenig*, LLC, No. 1:13-C-151-JCM-CWH, 2013 WL 3678091 (D. Nev. July 11, 2013), a case which also questioned whether an FDCPA claim should be dismissed pursuant to NRS Chapter 38. However, *Karimova* actually supports the Association's position. The *Karimova* Court ultimately found that the plaintiff's FDCPA claim **was** subject to dismissal because plaintiff had challenged the amount of the assessments. *Id.* at 2. While FNMA has not brought FDCPA claims in this case, it has challenged the amount of the

——————————— (continued)
commonly referred to as the Declaration of Covenants, Conditions and Restrictions or a variation thereof or simply "CC&Rs."

-7-

Association's lien. *See* Amended Answer and Counterclaim at ¶18-22. Therefore, to the extent that *Karmiova* is applicable at all, it certainly supports the Association's position that FNMA's claims would be subject to dismissal under NRS Chapter 38.

FNMA cites to one additional case, *Gray v. Account Recovery Solutions*, No. 2:13-CV-887 JCM GWF, 2014 WL 347576 (D. Nev. Jan. 30, 2014) which is inapplicable for the same reasons as *Calvert* and ultimately *Karimova*. In *Gray*, the Court once again evaluated whether a Plaintiff's claim for violations of the FDCPA are subject to dismissal under NRS Chapter 38. As indicated above, cases which provide guidance on how NRS Chapter 38 is to be applied to violations of the FDCPA are not particularly helpful to determining how NRS Chapter 38 is to be applied to the claims brought by FNMA against the Association.

In sum, FNMA cannot site to a single case where NRS Chapter 38 was applied to the types of claims found in its Amended Answer and Amended Counterclaim where those claims then survived a motion to dismiss. In stark contrast, the Association included case law in its Motion which addressed the exact same claims which are at issue here demonstrating that FNMA's claims are indeed subject to dismissal. *See* Motion at 4-6. As such, the Association's Motion to Dismiss should be granted in its entirety.

DATED this 11th day of June, 2015.

**LEACH JOHNSON SONG & GRUCHOW**

_____
SEAN L. ANDERSON
Nevada Bar No. 7259
RYAN D. HASTINGS
Nevada Bar No. 12394
8945 W. Russell Road, Suite 330
Las Vegas, NV 89148
*Attorneys for Defendant Bluffs Community Association a/k/a The Bluffs*

# **CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), the undersigned, an employee of LEACH JOHNSON SONG & GRUCHOW, hereby certified that on the 11th day of June, 2015, I served a true and correct copy of the foregoing, DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO DISMISS FNMA'S AMENDED COMPLAINT to all parties via CM/ECF.

| | |
|---|---|
| Laurel I. Handley<br>lhandley@piteduncan.com<br>Krista J. Nielson<br>knielson@piteduncan.com<br>PITE DUNCAN, LLP<br>520 South 4th Street, Suite 360<br>Las Vegas, NV 89101<br>Tel: (858) 750-7600  Fax: (702) 685-6342<br>*Attorneys for Federal National Mortgage Association and Clear Recon Corp.* | Michael F. Bohn<br>Jeff Arlitz<br>Law Offices of Michael F. Bohn, Esq., Ltd.<br>376 East Warm Springs Road, Suite 140<br>Las Vegas, NV 89119<br>Tel.: (702) 642-3113  Fax: (702) 642-9766<br>*Attorneys for FNMA* |
| Leslie Bryan Hart<br>lhart@lionelsawyer.com<br>Lionel Sawyer & Colllins<br>50 West Liberty Street, Suite 1100<br>Reno, NV 89501<br>Tel: (775) 788-8666  Fax: (775) 788-8682 | Richard Vilkin<br>Law Offices of Richard Vilkin, P.C.<br>1286 Crimson Sage Avenue<br>Henderson, NV 89012<br>Ph.: (702) 476-3211<br>Fax: (702) 476-3212<br>Richard@vilkinlaw.com<br>*Attorneys for Counterdefendant Nevada Association Services, Inc.* |
| (Pro Hac Vice Pending)<br>Asim Varma<br>Asim.Varma@aporter.com<br>Howard N. Cayne<br>Howard.Cayne@aporterc.om<br>Michael A.F. Johnson<br>Michael.Johnson@aporter.com<br>Arnold & Porter LLP<br>555 12th Street NW<br>Washington, DC 20004<br>Tel: (202) 942-5000  Fax: (202) 942-5999<br>*Attorneys for Federal Housing Finance Agency* | |

_____
An Employee of LEACH JOHNSON SONG & GRUCHOW