ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
NATALIE L. WINSLOW, ESQ.
Nevada Bar No. 12125
AKERMAN LLP
1160 Town Center Drive, Suite 330
Las Vegas, Nevada 89144
Telephone:   (702) 634-5000
Facsimile:    (702) 380-8572
Email: ariel.stern@akerman.com
Email: natalie.winslow@akerman.com

*Attorneys for CitiMortgage, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| SATICOY BAY, LLC SERIES 1702 EMPIRE MINE,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION; CLEAR RECON CORP.; and CITIMORTGAGE, INC.,<br><br>Defendants. | Case No.:   2:14-cv-01975-KJD-NJK<br><br>**CITIMORTGAGE, INC.'S ANSWER TO FIRST AMENDED COMPLAINT** |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>Counterclaimant,<br><br>v.<br><br>SATICOY BAY, LLC SERIES 1702 EMPIRE MINE; VILLAGE 2, THE BLUFFS; AND NEVADA ASSOCIATION SERVICES,<br><br>Counterdefendants. | |

## ANSWER TO FIRST AMENDED COMPLAINT

CitiMortgage, Inc. (**CMI**) answers plaintiff Saticoy Bay, LLC Series 1702 Empire Mine's (**Saticoy**) first amended complaint, ECF No. 77, as follows:

1. Paragraph 1 of the amended complaint states legal conclusions that do not require a response. To the extent a response is required, CMI denies the allegations because it lacks sufficient knowledge to admit or deny them.

{34601295;1}

2. CMI admits that a Foreclosure Deed was recorded on September 2, 2014, in the records of Clark County, Nevada as instrument no. 201409020002336. CMI further admits the Foreclosure Deed states that "Nevada Association Services, Inc. as agent for The Bluffs . . . grant[s] and convey[s], but without warranty expressed or implied to: Saticoy Bay LLC Series 1702 Empire Mine . . . pursuant to NRS 116.31162, 116.31163 and 116.31164, all its right, title and interest . . ." in the property located at 1702 Empire Mine Drive, Henderson, Nevada 89014 ("Subject Property"). CMI denies the remaining allegations in paragraph 2 of the amended complaint because it lacks sufficient information to admit or deny them.

3. CMI admits that a Foreclosure Deed was recorded on September 2, 2014, in the records of Clark County, Nevada as instrument no. 201409020002336. CMI further admits the Foreclosure Deed states that Nevada Association Services, as agent for The Bluffs, conveyed to Saticoy Bay LLC Series 1702 Empire Mine the Subject Property at a foreclosure sale held pursuant to a Notice of Default and Election to Sell. Additionally, paragraph 3 of the amended complaint states legal conclusions that do not require a response. To the extent a response is required, CMI denies the allegations because it lacks sufficient knowledge to admit or deny them.

4. CMI admits the allegations in paragraph 4 of the amended complaint.

5. CMI admits the allegations in paragraph 5 of the amended complaint.

6. CMI admits the allegations in paragraph 6 of the amended complaint.

7. CMI admits the allegations in paragraph 7 of the amended complaint.

8. CMI admits the allegations in paragraph 8 of the amended complaint.

9. CMI admits the allegations in paragraph 9 of the amended complaint.

10. CMI admits the Foreclosure Deed was recorded on September 2, 2014, in the records of Clark County, Nevada as instrument no. 201409020002336. CMI further admits the Foreclosure Deed states that Nevada Association Services, Inc., as agent for The Bluffs, "grant[s] and convey[s], but without warranty expressed or implied to: Saticoy Bay LLC Series 1702 Empire Mine . . . pursuant to N.R.S. §§ 116.31162, 116.31163 and 116.31164, all its right, title and interest . . ." in the Subject Property. CMI further admits the Foreclosure Deed states the Subject Property was sold "at public auction on 8/29/2014" and that Saticoy Bay LLC Series 1702 "being the highest bidder at

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

1. such sale . . . paid therefore to said agent the amount bid $21,500.00." CMI denies the remaining allegations in paragraph 10 because it lacks sufficient knowledge to admit or deny them.

11. CMI admits the Foreclosure Deed was recorded on September 2, 2014, in the records of Clark County, Nevada as instrument no. 201409020002336, which states that "[d]efault occurred as set forth in a Notice of Default and Election to Sell, recorded on 2/13/2012 as instrument # 0000817 Book 20120213." CMI further admits the Foreclosure Deed states that "Nevada Association Services, Inc., has complied with all requirements of law including, but not limited to, the elapsing of 90 days, mailing of copies of Notice of Delinquent Assessment and Notice of Default and the posting and publication of the Notice of Sale." CMI denies the remaining allegations in paragraph 11 because it lacks sufficient knowledge to admit or deny them.

12. Paragraph 12 of the amended complaint states legal conclusions that do not require a response. To the extent a response is required, CMI denies the allegations because it lacks sufficient knowledge to admit or deny them.

13. Paragraph 13 of the amended complaint states legal conclusions and the relief that Saticoy seeks, and thus do not require a response. To the extent a response is required, CMI denies the allegations because it lacks sufficient knowledge to admit or deny them.

14. Paragraph 14 of the amended complaint states legal conclusions and the relief that Saticoy seeks, and thus do not require a response. To the extent a response is required, denied.

**SECOND CLAIM FOR RELIEF**

15. CMI repeats its answers to the preceding paragraphs.

16. Paragraph 16 of the amended complaint states legal conclusions and the relief that Saticoy seeks, and thus do not require a response. To the extent a response is required, CMI denies the allegations because it lacks sufficient knowledge to admit or deny them.

17. Paragraph 17 of the amended complaint states legal conclusions and the relief that Saticoy seeks, and thus do not require a response. To the extent a response is required, denied.

**THIRD CLAIM FOR RELIEF**

18. CMI repeats its answers to the preceding paragraphs.

19. CMI denies the allegations in paragraph 19 of the amended complaint.

20. Paragraph 20 of the amended complaint states legal conclusions that do not require a response. To the extent a response is required, CMI states the document referenced in paragraph 20 of the amended complaint speaks for itself and denies any allegation inconsistent with that document.

21. Paragraph 21 of the amended complaint states legal conclusions that do not require a response. To the extent a response is required, CMI states the document referenced in paragraph 21 of the amended complaint speaks for itself and denies any allegation inconsistent with that document.

22. CMI admits a Notice of Delinquent Assessment Lien was recorded against the subject property on December 19, 2011, in the Official Records of Clark County, Nevada as instrument no. 201112190002545 and further admits a Notice of Default and Election to Sell Under Homeowners Association Lien was recorded against the Subject Property on February 13, 2012, in the Official Records of Clark County, Nevada as instrument no. 201202130000817. The remaining allegations in paragraph 22 of the amended complaint state legal conclusions that do not require a response. To the extent a response is required, denied.

23. CMI denies the allegations in paragraph 23 because it lacks sufficient knowledge to admit or deny them.

24. CMI denies the allegations in paragraph 24 of the amended complaint.

25. Paragraph 25 of the amended complaint states legal conclusions that do not require a response. To the extent a response is required, denied.

26. CMI admits that Federal National Mortgage Association (**Fannie Mae**) and the Federal Housing Finance Agency have alleged that 12 U.S.C. § 4617(j)(3) precludes an HOA sale from extinguishing Fannie Mae's interest in the Subject Property. CMI denies the remaining allegations in paragraph 26 of the amended complaint because it lacks sufficient knowledge to admit or deny them.

27. CMI denies the allegations in paragraph 27 of the amended complaint.

28. Paragraph 28 of the amended complaint states legal conclusions and the relief Plaintiff seeks, and thus do not require a response. To the extent a response is required, denied.

29.     Paragraph 29 of the amended complaint states legal conclusions and the relief that Saticoy seeks, and thus do not require a response. To the extent a response is required, denied.

### FOURTH CLAIM FOR RELIEF

30.     CMI repeats its answers to the preceding paragraphs.

31.     CMI denies the allegations in paragraph 31 of the amended complaint.

32.     CMI denies the allegations in paragraph 32 of the amended complaint.

33.     Paragraph 33 of the amended complaint states legal conclusions and the relief that Saticoy seeks, and thus do not require a response. To the extent a response is required, denied.

34.     Paragraph 34 of the amended complaint states legal conclusions and the relief that Saticoy seeks, and thus do not require a response. To the extent a response is required, denied.

35.     Any allegation not expressly admitted in this answer to Saticoy's first amended complaint is expressly denied.

### AFFIRMATIVE DEFENSES

CMI's investigation of the claims asserted in the amended complaint is continuing. By this answer, CMI waives no affirmative defenses and reserves its right to amend the answer to insert any subsequently discovered affirmative defenses.

1.     The amended complaint fails to state a claim for which relief can be granted because, among other reasons, Saticoy's claim of free and clear title to the Property is barred by 12 U.S.C. § 4617(j)(3), which precludes an homeowners' association sale from extinguishing Fannie Mae's interest in the Property and preempts any state law to the contrary.

2.     CMI had no interest in the Property at the time of the HOA foreclosure sale.

3.     Saticoy's claims are barred by the doctrines of laches, estoppel, waiver, unjust enrichment, and/or unclean hands.

4.     The damages, if any, that were allegedly sustained by Saticoy as a result of the acts described in the amended complaint were caused in whole or were contributed to in part by reason of the acts, omissions, negligence, and/or intentional misconduct of Saticoy and the other Counter-defendants.

5.     The damages, if any, that were allegedly sustained by Saticoy as a result of the acts

described in the amended complaint were caused in whole or were contributed to in part by reason of the acts, omissions, negligence, and/or intentional misconduct of one or more third parties over whom CMI had no control.

6. Saticoy has an adequate remedy at law and has, through its own acts and/or omissions, failed to mitigate its damages, the existence of which are denied.

7. Saticoy has failed to plead any alleged acts or omissions of CMI sufficient to warrant the consideration of general, expectation, consequential, or compensatory damages.

8. Saticoy is not entitled to equitable relief.

9. Saticoy failed to join one or more indispensable parties.

10. CMI breached no duty with regard to Saticoy.

11. CMI incorporates by reference those defenses enumerated in Rules 8 and 12 of the Federal Rules of Civil Procedure as if fully set forth herein. In the event further investigation reveals the applicability of any such defenses, CMI reserves the right to seek leave of court to amend this answer to assert the same.

DATED this 16th day of July, 2015.

**AKERMAN LLP**

/s/ Natalie L. Winslow
ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
NATALIE L. WINSLOW, ESQ.
Nevada Bar No. 12125
1160 Town Center Drive, Suite 330
Las Vegas, Nevada 89144

*Attorneys for CitiMortgage, Inc.*

{34601295;1}                    6

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 16th day of July, 2015 and pursuant to FRCP 5(b), I served via CM/ECF and/or deposited for mailing in the U.S. Mail a true and correct copy of the foregoing **CITIMORTGAGE, INC.'S ANSWER TO FIRST AMENDED COMPLAINT**, postage prepaid and addressed to:

MICHAEL F. BOHN, ESQ.
Nevada Bar No. 1641
376 E. Warm Springs Road, Suite 140
Las Vegas, NV 89119

*Attorneys for Saticoy Bay, LLC Series 1702 Empire Mine*

/s/ Michelle N. Ledesma
An employee of AKERMAN LLP

{34601295;1}

7