MICHAEL F. BOHN, ESQ.
Nevada Bar No.: 1641
mbohn@bohnlawfirm.com
LAW OFFICES OF
MICHAEL F. BOHN, ESQ., LTD.
376 East Warm Springs Road, Ste. 140
Las Vegas, Nevada  89119
(702) 642-3113/ (702) 642-9766 FAX

Attorney for plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SATICOY BAY, LLC SERIES 1702 EMPIRE MINE<br><br>Plaintiff,<br><br>vs.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION; and CLEAR RECON CORP.,<br><br>Defendants,<br><br>and<br><br>FEDERAL HOUSING FINANCE AGENCY, as Conservator of the Federal National Mortgage Association,<br><br>Intervenor. | CASE NO.: 2:14-cv-01975-GMN-NJK |

**MOTION FOR SETTLEMENT CONFERENCE**

Plaintiff, Saticoy Bay, LLC Series 1702 Empire Mine, by and through its attorney, Michael F. Bohn, Esq. moves this court for a settlement conference pursuant to LR 16-5.  This motion is

/ / /

/ / /

/ / /

1

based on the points and authorities contained herein.

DATED this 24th day of July, 2015.

          LAW OFFICES OF
          MICHAEL F. BOHN, ESQ., LTD.

          By: /s/ /Michael F. Bohn, Esq. /
             Michael F. Bohn, Esq.
             376 East Warm Springs Road, Ste. 140
             Las Vegas NV 89119
             Attorney for plaintiff

## **FACTS**

This case is one of the many quiet title actions filed after the plaintiff acquired property at an HOA foreclosure sale conducted pursuant to NRS Chapter 116. The plaintiff acquired the property commonly known as 1702 Empire Mine, Henderson, Nevada (hereinafter "Property"), by a foreclosure deed recorded on September 2, 2014. At the time of the HOA foreclosure sale held on August 29, 2014, defendant Federal National Mortgage Association (hereinafter "Fannie Mae") was the assigned beneficiary of a deed of trust recorded as an encumbrance to the subject property on January 10, 2005. The deed of trust was assigned to Federal National Mortgage by CitiMortgage, Inc. (hereinafter "CitiMortgage") by a corporate assignment of deed of trust recorded on June 6, 2014. CitiMortgage acquired the deed of trust by an assignment of deed of trust recorded on February 21, 2012.

When CitiMortgage acquired the deed of trust, it had record notice that Nevada Association Services, Inc. (hereinafter "NAS"), as agent for The Bluffs (hereinafter "HOA"), had recorded both a notice of delinquent assessment lien on December 19, 2011 and a notice of default and election to sell on February 13, 2012 in the Office of the County Recorder for Clark County, Nevada.

Pursuant to CitiMortgage's mortgage selling and servicing contract with Fannie Mae, CitiMortgage was required to advance the funds necessary to protect the priority of the deed of trust from the superpriority lien granted to the HOA by Nevada's version of the Uniform Common Interest Ownership Act (NRS Chapter 116). CitiMortgage breached these obligations, and made no payments to the HOA to cure the superpriority lien recorded by the HOA against the Property.

Instead, CitiMortgage assigned the deed of trust to Federal National Mortgage and expressly

1 represented and warranted to Federal National Mortgage that the deed of trust was enforceable as a first
2 lien against the Property. To the contrary, the deed of trust was subordinate to the HOA's superpriority
3 lien that was subsequently foreclosed by the HOA at the foreclosure sale held on August 29, 2014. As
4 a result of the false representations and warranties make by CitiMortgage, CitiMortgage has the obligation
5 to remit a make whole payment to Federal National Mortgage because CitiMortgage did not acquire the
6 Property prior to the HOA foreclosure sale.

7 Although Federal National Mortgage has taken the position that it is wholly protected from
8 suffering any damages from the HOA's foreclosure of its superpriority lien, the Federal Housing Finance
9 Agency (FHFA), as conservator for Federal National Mortgage, intervened in the above-captioned action
10 on December 10, 2014. Instead of requiring CitiMortgage to remit a make whole payment, FHFA and
11 Federal National Mortgage have alleged that 12 U.S.C. § 4617(j)(3) prohibited the HOA from foreclosing
12 its superpriority lien against the Property and extinguishing the deed of trust.

13 Plaintiff contends that it is improper for CitiMortgage to benefit from the false representations
14 and warranties made by it in order to have Federal National Mortgage accept the assignment of the deed
15 of trust. As a result, the plaintiff has filed an amended complaint naming Citibank as a defendant in this
16 case.

17 The settlement conference is requested to attempt to resolve this case without the litigation that
18 will be required to settle the case.

19 Simultaneous with this motion, the plaintiff is seeking to open discovery, which is currently
20 stayed. Discovery would be required before any substantive settlement discussions can take place.

21 **POINTS AND AUTHORITIES**

22 LR 16-5 provides:

23 SETTLEMENT CONFERENCE AND ALTERNATIVE METHODS OF DISPUTE RESOLUTION.
24 The Court may, in its discretion and at any time, set any appropriate civil case for settlement conference, summary jury trial, or other alternative method of dispute
25 resolution.

26
27 The plaintiff has requested a payoff statement from Fannie Mae on the mortgage loan. The

28
3

plaintiff is considering an option to payoff the outstanding mortgage loan and taking an assignment of the mortgage loan rather than a reconveyance of the loan.  The plaintiff is permitted to do this pursuant to  7.6 of the Restatement (Third) of Property, Mortgages.

Once the plaintiff has obtained the assignment of rights under the note and deed of trust, the plaintiff would be able to enforce the contractual rights between Citibank and Federal National Mortgage Association.

Another avenue which the plaintiff would like to explore is the payoff for the outstanding mortgage.  The plaintiff received a payoff statement from the defendant, which is substantially higher than the value of the property.

The plaintiff seeks a settlement conference to resolve these issues without having to litigate them.

A settlement conference may be practical for other reasons.  This is one of four cases being pursued by the intervenor Federal Housing Finance Agency, with the apparent intent to obtain decisions from the District Court for the purpose of appeal to get an appellate decision on the scope of the authority of the Federal Housing Finance Agency and it's affect on HOA foreclosures.  All four of the cases were scheduled for oral argument before Judge Navarro on June 18, 2015.  After the hearing, Judge Navarro recused herself from this case.  The other three cases have been decided at the District Court level and will likely be appealed.  An immediate decision in this case is therefore not necessary to the intervenor's plan.

/ / /

/ / /

/ / /

# CONCLUSION

Plaintiff respectfully submits that the parties should be compelled to attend a settlement conference. It is requested that the motion to open discovery, which is filed simultaneously with this motion should also be granted, but the parties should be permitted 90 days of discovery before a settlement conference is held.

DATED this 24th day of July, 2015

                LAW OFFICES OF
                MICHAEL F. BOHN, ESQ., LTD.

By: / s / Michael F. Bohn, Esq. /
    Michael F. Bohn, Esq.
    376 East Warm Springs Road, Ste. 140
    Las Vegas, Nevada 89119
    Attorney for plaintiff

# CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of July, 2015, I electronically transmitted the above **MOTION FOR SETTLEMENT CONFERENCE** to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter; all counsel being registered to receive Electronic Filing.

Laurel I. Handley, Esq.              Asim Varma, Esq.
Krista J. Nielson, Esq.              ARNOLD & PORTER LLP
ALDRIDGE PITE , LLP            555 12 th Street NW
520 South Fourth Street, Suite 360   Washington, DC 2004
Las Vegas, NV 89101

Leslie Bryan Hart, Esq.
Fennemore Craig, PC
300 E. Second St. # 1510
Reno, Nevada 89501

                /s/ /*Marc Sameroff*   /
                An employee of Law Offices of
                Michael F. Bohn, Esq., Ltd.