Laurel I. Handley, Esq. (SBN 9576)
Krista J. Nielson, Esq. (SBN 10698)
ALDRIDGE PITE, LLP
520 South 4th Street, Suite 360
Las Vegas, Nevada 89101
Tel: (858) 750-7600   Fax: (702) 685-6342
lhandley@aldridgepite.com; knielson@alridgepite.com
*Attorneys for Federal National Mortgage Association and Clear Recon Corp.*

Leslie Bryan Hart, Esq. (SBN 4932)
John D. Tennert, Esq. (SBN 11728)
FENNEMORE CRAIG, P.C.
300 E. Second St., Suite 1510
Reno, Nevada 89501
Tel: 775-788-2228   Fax: 775-788-2229
lhart@fclaw.com; jtennert@fclaw.com

(Admitted *Pro Hac Vice*)
Asim Varma, Esq.
Howard N. Cayne, Esq.
Michael A.F. Johnson, Esq.
ARNOLD & PORTER LLP
555 12th Street NW
Washington, DC 20004
Tel: (202) 942-5000   Fax: (202) 942-5999
Asim.Varma@aporter.com; Howard.Cayne@aporter.com
Michael.Johnson@aporter.com
*Attorneys for Intervenor Federal Housing Finance Agency*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| SATICOY BAY, LLC SERIES 1702 EMPIRE MINE,<br><br>Plaintiff,<br><br>vs.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION and CLEAR RECON CORP.,<br><br>Defendants,<br><br>and<br><br>FEDERAL HOUSING FINANCE AGENCY, as Conservator of the Federal National Mortgage Association<br><br>Intervenor. | CASE NO.: 2:14-cv-01975-KJD-NJK<br><br>**FANNIE MAE AND FHFA'S NOTICE OF NEW AUTHORITIES** |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>Counterclaimant,<br><br>and | |

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6 | FEDERAL HOUSING FINANCE AGENCY,<br>as Conservator of the Federal National<br>Mortgage Association<br><div style="text-align:center">Intervenor,</div>vs.<br>SATICOY BAY, LLC SERIES 1702 EMPIRE MINE; and VILLAGE 2, THE BLUFFS,<br><div style="text-align:center">Counter-defendants.</div> |

Defendant Federal National Mortgage Association ("Fannie Mae") and Intervenor Federal Housing Finance Agency, as Conservator for Fannie Mae ("FHFA"), respectfully notify the Court of six recent decisions by three other courts in this District that support their motion for summary judgment in this case (Dkt. No. 17.)

In four of the recent decisions, Chief Judge Navarro resolved in favor of FHFA, Fannie Mae, and Freddie Mac all of the principal issues that are presented in the pending motion for summary judgment in this case. *See Skylights v. Byron*, No. 2:15-cv-0043-GMN-VCF, 2015 WL 3887061 (D. Nev. June 24, 2015); *Elmer v. Fed. Home Loan Mortg. Corp.,* No. 2:14-cv-01999-GMN-NJK, 2015 WL 4393051 (D. Nev. July 13, 2015); *Premier One Holdings, Inc. v. Fed. Nat'l Mortg. Ass'n*, No. 2:14-cv-02128-GMN-NJK, 2015 WL 4276169 (D. Nev. July 13, 2015); *Williston Investment Grp., LLC v. JP Morgan Chase Bank, NA*, No. 2:14-cv-02038-GMN-PAL, 2015 WL 4276144 (D. Nev. July 13, 2015). The *Skylights* decision, issued first, addressed and resolved virtually all of the issues presented in this case, while the latter three opinions applied the court's reasoning in *Skylights* to circumstances where, prior to the relevant HOA sale, the Enterprise had ownership of the loan and deed of trust but (unlike in this case) had not yet been formally assigned the deed of trust in a recorded instrument. More recently, two other courts have granted the summary judgment motions of FHFA and Fannie Mae in related cases, citing the *Skylights* decision. *See My Global Village, LLC v. Fed. Nat'l Mort. Ass'n*, No. 2:15-cv-0211-RCJ-NJK, 2015 WL 4523501 (D. Nev. July 27, 2015); Order, *1597 Ashfield Valley Trust v. Fed. Nat'l Mortg. Ass'n*, No. 2:14-cv-2123-JCM-CWH (D. Nev. July 28, 2015).

*First*, Chief Judge Navarro held that the Federal Foreclosure Bar expressly preempts the application of the State Foreclosure Statute under materially the same facts as in this case. *See*

*Skylights*, 2015 WL 3887061, at \*6; MSJ Reply at 3-5; *see also My Global Village*, 2015 WL 4523501, at \*4; *Ashfield*, No. 2:14-cv-2123, slip op. at 9-10. In applying the Federal Foreclosure Bar in *Skylights*, the court ruled that all of the "adverse actions" prohibited by the Bar "could otherwise be imposed on FHFA's property under state law. Accordingly, Congress's creation of these protections clearly manifests its intent to displace state law." *Skylights*, 2015 WL 3887061, at \*6.

*Second*, Chief Judge Navarro considered purchasers' reliance on *FDIC v. McFarland*, 243 F.3d 876 (5th Cir.2001), for the principle that the Federal Foreclosure Bar protects the Enterprises only from actions taken by governmental taxing authorities, not private entities—a contention that Saticoy Bay also makes here. *See* MSJ Opp. at 6-9. The court rejected that contention, holding that "both the plain language of subsection 4617(j)(3) and the structure of section 4617(j) lead … to the conclusion that FHFA's exemption from foreclosures without its consent applies to private entities as well as state and local taxing authorities." *Skylights*, 2015 WL 3887061, at \*8. In so holding, Chief Judge Navarro (1) concluded that the *McFarland* analysis rested on features of 12 U.S.C. § 1825(b)(2) that were not relevant to the Federal Foreclosure Bar; (2) pointed out the many courts that implicitly disagreed with *McFarland*; and (3) noted that *Monrad v. FDIC*, 62 F.3d 1169 (9th Cir.1995), suggests that *McFarland* was incorrectly decided. *See id.* at \*8-9 & n.6.

*Third*, Chief Judge Navarro rejected the contention, also advanced by Saticoy Bay here, that the protection of the Federal Foreclosure Bar "applies only when FHFA is acting as a receiver, and not when it is acting as a conservator." *Id.* at \*10; MSJ Opp. at 11-13. The court held that "there is no justification for that position" given the express terms of the Federal Foreclosure Bar and the Conservator's mission to "preserve and conserve the assets and property of the regulated entity." *Skylights*, 2015 WL 3887061, at \*10 (quoting 12 U.S.C. § 4617(b)(2)(D)(ii)).

*Fourth*, Chief Judge Navarro ruled that "the property of Fannie Mae effectively becomes the property of FHFA once it assumes the role of conservator, and that property is protected by [S]ection 4617(j)'s exemptions," confirming that the Federal Foreclosure Bar applies whether

one considers the property at issue to be owned by Fannie Mae or FHFA. The rulings thus rejected the contention, made here by Saticoy Bay, that the Federal Foreclosure Bar does not protect the property of Fannie Mae while it is in conservatorship. *See* MSJ Opp. at 12-14.

*Fifth*, the decisions confirm that the Enterprises' servicing guides "do[] not carry the force of law and cannot trump congressional legislation." *Skylights*, 2015 WL 3887061, at *9. Thus, the court held that the servicing guides cannot be used to undermine the protection of the Federal Foreclosure Bar, as Saticoy Bay seeks to do in this case. *See* MSJ Supp. Opp. at 2-3.

*Finally,* under circumstances analogous to this case, Chief Judge Navarro rejected that there was a disputed material fact regarding whether Fannie Mae had acquired a property interest prior to the HOA's foreclosure sale. *See Skylights*, 2015 WL 3887061, at *10. Here, as in *Skylights*, the only material fact is undisputed: "the Deed of Trust was assigned to Fannie Mae several months before the HOA conducted its foreclosure sale." *Id.*; *see* MSJ Reply at 15-16.

FHFA and Fannie Mae request that the Court consider *Skylights*, *Elmer*, *Williston*, *Premier One*, *My Global Village*, and *Ashfield* in deciding the pending motion for summary judgment.

DATED this 3rd day of August, 2015.

**ALDRIDGE PITE, LLP**

By:  /s/ Laurel I. Handley
Laurel I. Handley, Esq. (SBN 9576)
Krista J. Nielson Esq. (SBN 10698)
520 South 4th Street, Suite 360
Las Vegas, Nevada 89101
Tel: (858) 750-7600 Fax: (702) 685-6342
lhandley@aldridgepite.com;
knielson@aldridgepite.com

*Attorneys for Federal National Mortgage Association and Clear Recon Corp.*

**FENNEMORE CRAIG, P.C.**

By:  /s/ Leslie Bryan Hart
Leslie Bryan Hart, Esq. (SBN4932)
John D. Tennert, Esq. (SBN 11728)
300 E. Second St., Suite 1510
Reno, Nevada 89501
Tel: 775-788-2228 Fax: 775-788-2229
lhart@fclaw.com; jtennert@fclaw.com

and

**ARNOLD & PORTER LLP**

(Admitted *Pro Hac Vice*)
Asim Varma, Esq.
Howard N. Cayne, Esq.
Michael A.F. Johnson, Esq.

*Attorneys for Federal Housing Financing Agency*

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b) and Electronic Filing Procedure IV(B), I certify that on the 3rd day of August, 2015, a true and correct copy of **NOTICE OF NEW AUTHORITIES,** was transmitted electronically through the Court's e-filing electronic notice system to the attorney(s) associated with this case. If electronic notice is not indicated through the court's e-filing system, then a true and correct paper copy of the foregoing document was delivered via U.S. Mail.

Ariel E. Stern ariel.stern@akerman.com

Michael F. Bohn mbohn@bohnlawfirm.com

Ryan D. Hastings rhastings@leachjohnson.com

Tenesa S Scaturro    tenesa.scaturro@akerman.com

Natalie L Winslow natalie.winslow@akerman.com

          /s/   Pamela Carmon
          Pamela Carmon