UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SATICOY BAY, LLC SERIES 1702 EMPIRE MINE,

    Plaintiff,

v.

FEDERAL NATIONAL MORTGAGE ASSOCIATION, *et al*.,

    Defendants,

and

FEDERAL HOUSING FINANCE AGENCY, as conservator of the Federal National Mortgage Association,

    Intervenor.

Case No. 2:14-CV-01975-KJD-NJK

**ORDER**

Presently before the Court is Defendant/Intervenors' Joint Motion for Summary Judgment (#17). Plaintiff filed a response in opposition (#54/55) to which Movants replied (#69). Also before the Court is Counter-defendant The Bluffs Community Association's Motion to Dismiss (#95). Counter-claimants filed a response in opposition (#100) to which The Bluffs replied (#103). The Court also considered the arguments heard on June 18, 2015 (Amended Transcript, Docket No. 109) and Movant's Notice of New Authorities (#115).

I. Background

The present action involves a dispute over real property located at 1702 Empire Mine Drive, Henderson, NV 89014 ("the Property"). Marshall Roush purchased the Property on or about October 21, 2004 by financing the purchase with a $149,800.00 loan from Cendant Mortgage Corporation which was secured by a note and deed of trust naming Cendant as beneficiary. On or about October 28, 2004, Fannie Mae purchased the loan from Cendant. On July 31, 2008, Assignment of the Deed of Trust was recorded where PHH Mortgage Corporation, successor to Cendant Mortgage Corporation, assigned its beneficial interest to Mortgage Electronic Registration Systems, Inc. ("MERS"). On September 26, 2008, pursuant to the Housing and Economic Recovery Act of 2008 ("HERA"), 12 U.S.C. § 4511, *et.seq.*, the Fair Housing Finance Agency's director placed Fannie Mae and Freddie Mac into conservatorships.

On February 21, 2012, an Assignment of Deed of Trust was recorded whereby MERS, as nominee for PHH, assigned its interest in the 2004 Deed of Trust to CitiMortgage, Inc. On June 6, 2014, CitiMortgage, Inc. assigned its interest in the 2004 Deed of Trust to Fannie Mae.

At some point, Roush stopped paying the dues required to his homeowners' association ("HOA"), The Bluffs HOA. On September 2, 2014, a Foreclosure Deed was recorded stating that Saticoy Bay, LLC Series 1702 Empire Mine ("Saticoy Bay") was the highest bidder and purchaser of the Property at an HOA lien foreclosure sale conducted on August 29, 2014 by The Bluffs ("HOA Sale"). On October 14, 2014, Saticoy Bay filed the present complaint in state court, which was subsequently removed to federal court. The complaint seeks a declaration quieting title in the Property and declaring that the HOA Sale gave title to Saticoy Bay free and clear of Fannie Mae's first lien. Defendant/Intervenors Fannie Mae and FHFA ("the Movants") filed the present motion for summary judgment on December 11, 2014. On April 24, 2015 Movants filed an answer to Plaintiff's amended complaint and a Counterclaim against Saticoy Bay and The Bluffs. The Bluffs then filed a motion to dismiss the counterclaims for wrongful foreclosure, quiet title, declaratory relief, slander of title, and unjust enrichment.

II.  Standard for Summary Judgment

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The moving party bears the initial burden of showing the absence of a genuine issue of material fact.  See Celotex, 477 U.S. at 323.  The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

All justifiable inferences must be viewed in the light must favorable to the nonmoving party. See Matsushita, 475 U.S. at 587.  However, the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials as provided by Rule 56(e), showing there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  The court need only resolve factual issues of controversy in favor of the non-moving party where the facts specifically averred by that party contradict facts specifically averred by the movant.  See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345 (9th Cir. 1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment).  Evidence must be concrete and cannot rely on "mere speculation, conjecture, or fantasy. O.S.C. Corp. v. Apple Computer, Inc., 792 F.2d 1464, 1467 (9th Cir. 1986). "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine issue" of material fact precluding summary judgment. Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will

bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment shall not be granted if a reasonable jury could return a verdict for the nonmoving party. See Anderson, 477 U.S. at 248.

III. Analysis of Movants' Motion for Summary Judgment

In their Joint Motion for Summary Judgment, Fannie Mae and FHFA argue that under federal law, Saticoy Bay could not have extinguished Fannie Mae's lien on the property secured by the Deed of Trust when it purchased the Property at the HOA foreclosure sale. For the purposes of the motion, Fannie Mae and FHFA do not dispute that a homeowner association's foreclosure of its super-priority lien under the normal operation of Nevada Revised Statutes § 116.3116 would extinguish a prior first security interest. Instead, Fannie Mae and FHFA assert that section 4617(j)(3) of HERA barred the HOA from foreclosing on the Property without the consent of the conservator, FHFA. The Court agrees.

In their motion and counterclaim, Movants request that the Court declare that 12 U.S.C. §4617(j)(3) preempts any Nevada law that would permit a foreclosure on a super-priority lien to extinguish a property interest of Fannie Mae while it is under FHFA's conservatorship, the HOA Sale did not extinguish Fannie Mae's interest in the Deed of Trust and thus did not convey the Property free and clear to Plaintiff, the Deed of Trust continues to encumber the Property, and Fannie Mae's interest in the Property is superior to the interest of Plaintiff.

The Court addressed the applicability of 12 U.S.C. § 4617(j)(3) in *Skylights LLC v. Fannie Mae*, 2015 WL 3887061 (D. Nev. June 24, 2015). After addressing many different arguments regarding the applicability of section 4617(j)(3), the Court held that the plain language of section 4617(j)(3) prohibits property of FHFA from being subject to a foreclosure without its consent. *Id.* at *10.

///
///
///
///

Here, Fannie Mae has held an interest in the Property since no later than June 6, 2014.[1] Accordingly, because FHFA held an interest in the Deed of Trust as conservator for Fannie Mae prior to the HOA foreclosure, section 4617(j)(3) prevents the HOA's foreclosure on the property from extinguishing the Deed of Trust.

IV. Motion to Dismiss

Counterdefendant The Bluffs asks the Court to dismiss all of counterclaimant Fannie Mae's claims. The Bluffs argues for dismissal of Fannie Mae's quiet title claim pursuant to Rule 12(b)(6), and for dismissal of Fannie Mae's wrongful foreclosure, declaratory relief, slander of title, and unjust enrichment claims pursuant to Rule 12(b)(1).

The Bluffs asserts that Fannie Mae's quiet title claim against it fails to state a claim upon which relief can be granted. The Bluffs argues that Fannie Mae cannot maintain a cause of action against it for quiet title because The Bluffs no longer claims an interest in the subject property. Fannie Mae agreed to dismiss its quiet title claim against The Bluffs based on the representation that The Bluffs does not claim ownership in the subject property. Therefore, the Court dismisses the quiet title claim against The Bluffs without further considering the motion.

The Bluffs asserts that Fannie Mae's claims for wrongful foreclosure, declaratory relief, slander of title, and unjust enrichment are civil actions subject to NRS 38.310 and lack subject matter jurisdiction. Fannie Mae responds that NRS 38.310 is inapplicable because Fannie Mae's claims do not relate to the interpretation, application, or enforcement of HOA covenants, conditions or restrictions. Further, Fannie Mae asserts that its claims raise issue with the HOA's foreclosure process, not with the HOA's authority to foreclose.

---

[1] To the extent that Plaintiffs or Counterdefendant The Bluffs argue under *Edelstein v. Bank of N.Y. Mellon*, 286 P.3d 249, 254 (Nev. 2012) that Movants did not have a property interest in 1702 Empire Mine when the Deed of Trust was split from the note, that argument was foreclosed when CitiMortgage, Inc. assigned its interest in the 2004 Deed of Trust to Fannie Mae on June 6, 2014, reuniting the Deed of Trust and note.

NRS 38.320 states, "[a]ny civil action described in NRS 38.310 must be submitted to mediation or referred to a program by filing a written claim with the Division." Section 38.310 provides that,

> No civil action based upon a claim relating to: (a) [t]he interpretation, application or enforcement of any covenants, conditions or restrictions applicable to residential property or any bylaws, rules or regulations adopted by an association . . . may be commenced in any court in this State unless the action has been submitted to mediation or . . . a program pursuant to the provisions of NRS 38.300 to 38.360, inclusive . . . .

NRS 38.310(1). Subsection 2 states, "[a] court shall dismiss any civil action which is commenced in violation of the provisions of subsection 1." NRS 38.310(2).

Under NRS 38.300(3), a civil action includes "an action for money damages or equitable relief," but not "an action in equity for injunctive relief in which there is an immediate threat of irreparable harm, or an action relating to the title of residential property."

*Claims for wrongful foreclosure, slander of title, and unjust enrichment*

"A wrongful foreclosure claim challenges the authority behind the foreclosure, not the foreclosure act itself." *McKnight Family, LLP v. Adept Mgmt.*, 310 P.3d 555, 559 (Nev. 2013) (citing *Collins v. Union Fed. Sav. & Loan*, 662 P.2d 610, 623 (Nev. 1983)) "The material issue in a wrongful foreclosure claim is whether 'the trustor was in default when the power of sale was exercised.'" *Turbay v. Bank of Am., N.A.*, No. 2:12-CV-1367-JCM-PAL; 2013 WL 1145212, at *4 (quoting *Collins*, 662 P.2d at 623). "Deciding a wrongful foreclosure claim against a homeowners' association involves interpreting covenants, conditions or restrictions applicable to residential property." *McKnight*, 310 P.3d at 559. "This type of interpretation falls under NRS 38.310." *Id.*

"Slander of title involves false and malicious communications that disparage a person's title in land and cause special damages." *Id.*"Slander of title is an NRS 38.300(3) civil action because it exists separate from the title to land." *Id.*

Unjust enrichment exists when the plaintiff confers a benefit on the defendant, the defendant appreciates such benefit, and there is acceptance and retention by the defendant of such benefit under

circumstances such that it would be inequitable for him to retain the benefit without payment of the value thereof." *Cert. Fire Prot. Inc. v. Precision Constr.*, 283 P.3d 250, 257 (Nev. 2012) (citations and quotations omitted). The Nevada Supreme Court's discussion of slander of title in *McKnight* is instructive on whether unjust enrichment qualifies as a civil action. *See McKnight,* 310 P.3d at 559. This court finds that unjust enrichment qualifies as a civil action under NRS 38.300(3) and is subject to NRS 38.310.

Fannie Mae must submit a complaint through mediation or a certified program before proceeding with a civil action for wrongful foreclosure, slander of title or unjust enrichment. *See* NRS 38.310. The Court grants The Bluffs' motion to dismiss Fannie Mae's wrongful foreclosure, slander of title and unjust enrichment counterclaims without prejudice.

*Declaratory Relief*

Fannie Mae's claim for declaratory relief asks the court to determine whether Fannie Mae's first deed of trust survived the HOA foreclosure. This "directly relates to an individual's right to possess and use his or her property." *McKnight*, 310 P.3d at 559. The Court finds that a declaratory relief claim is not a civil action as defined in NRS 38.300(3), and is therefore exempt from NRS 38.310. The Court denies The Bluffs' motion to dismiss Fannie Mae's declaratory relief claim.

V. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Movants' Motion for Summary Judgment (#17 is **GRANTED**;

**IT IS FURTHER ORDERED** that 12 U.S.C. § 4617(j)(3) preempts Nevada Revised Statutes § 116.3116 to the extent that a homeowner association's foreclosure of its super-priority lien cannot extinguish a property interest of Fannie Mae while those entities are under FHFA's conservatorship. Accordingly, The Bluffs Community Association's foreclosure sale of its super-priority interest on the real property located at 1702 Empire Mine Drive, Henderson, NV 89014 did not extinguish Fannie Mae's interest in the property secured by the Deed of Trust or convey the property free and clear to Saticoy Bay, LLC Series 1702 Empire Mine;

1   **IT IS FURTHER ORDERED** that Counter-defendant The Bluffs Community Association's
2  Motion to Dismiss (#95) is **GRANTED in part and DENIED in part**;
3   **IT IS FURTHER ORDERED** that Fannie Mae's wrongful foreclosure, slander of title and
4  unjust enrichment claims are **DISMISSED without prejudice**;
5   **IT IS FURTHER ORDERED** that The Bluffs' motion to dismiss Fannie Mae's declaratory
6  relief claim is **DENIED**.
7   DATED this 29th day of September 2015.

_____
Kent J. Dawson
United States District Judge