UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SATICOY BAY, LLC SERIES 1702 EMPIRE MINE, | |
| Plaintiff, | Case No. 2:14-CV-01975-KJD-NJK |
| v. | |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION and CLEAR RECON CORP., | **ORDER** |
| Defendants, | |
| and | |
| FEDERAL HOUSING FINANCE AGENCY, as Conservator of the Federal National Mortgage Association | |
| Intervenor. | |

Presently before the Court is Defendants, Federal National Mortgage Association ("Fannie Mae") and Clear Recon Corp. ("Clear Recon"), and Intervenor, Federal Housing Finance Agency, as conservator for Freddie Mac ("FHFA"), Motion for Final Judgement Pursuant to Rule 54(b) (#124). Plaintiff filed a response in opposition (#126) to which Defendants replied (#128).

**Background**

On October 14, 2014, Plaintiff filed an action in state court asserting claims for declaratory relief and quiet title against Fannie Mae and Clear Recon. Plaintiff claimed that Fannie Mae and Clear Recon's interest in the Property was extinguished by a September 2, 2014, HOA foreclosure sale ("HOA Sale") and that title to the Property is vested free and clear in Plaintiff's name.

Fannie Mae removed the case to this Court (#1), and on December 2, 2014 filed its Answer and Counterclaim, asserting counterclaims against Plaintiff for declaratory relief, quiet title, slander of title and unjust enrichment (#4). Fannie Mae also asserted counterclaims

for wrongful foreclosure, quiet title, and slander of title against Bluffs Community Association a/k/a The Bluffs (the "HOA") and HOA's collection agent, Nevada Association Services ("NAS") as counter-defendants, and a counterclaim for unjust enrichment against the HOA. Id. Shortly thereafter, this Court granted FHFA's request to intervene (#16).

On December 11, 2014, Fannie Mae and FHFA filed a Joint Motion for Summary Judgment in which Fannie Mae and FHFA sought a declaration that: (1) 12 U.S.C. § 4617(j)(3) preempts any Nevada law that could permit an HOA foreclosure sale to extinguish a property interest of Fannie Mae while it is under FHFA's conservatorship; and (2) the HOA Sale did not extinguish Fannie Mae's interest in the Property, and thus Plaintiff took an interest in the Property subject to the Deed of Trust (#17).

On December 23, 2014, Fannie Mae filed an Amended Counterclaim in which it added a counterclaim for declaratory relief against all counter- defendants (#23).  On January 6, 2015, Fannie Mae dismissed its counterclaims against NAS. (#32).

On April 7, 2015, Plaintiff filed an Amended Complaint (#73, Ex. 1) in which it added CitiMortgage as a Defendant.  Plaintiff also re-alleged its cause of action for declaratory relief and quiet title against all Defendants and added two additional claims against CitiMortgage for injunctive relief and unjust enrichment. Id.

On September 29, 2015, this Court issued an Order (#121) granting Fannie Mae and FHFA's Motion for Summary Judgment finding that "Fannie Mae held an interest in the Property since no later than June 6, 2014."  Accordingly, because FHFA held an interest in the Deed of Trust as conservator for Fannie Mae prior to the HOA foreclosure, section 4617(j)(3) prevents the HOA's foreclosure on the property from extinguishing the Deed of Trust thus resolving each cause of action relating to the title to the Property.  In determining that the HOA Sale did not extinguish the Deed of Trust, the Order, in effect, constitutes a judgment in favor of Fannie Mae and FHFA not only as to Plaintiff's causes of action for quiet title and declaratory relief, but also as to Fannie Mae and

FHFA's counterclaims for quiet title and declaratory relief against all counter defendants. Moreover, the Order also resolved Plaintiff's declaratory relief claims against Clear Recon and CitiMortgage.

Specifically, because this Court determined that Fannie Mae's interest in the Property was not extinguished, Clear Recon's interest as the substituted trustee of the Deed of Trust was also not extinguished and CitiMortgage's interest as the prior loan servicer was not affected.

Additionally, the Order dismissed Fannie Mae's counterclaims for wrongful foreclosure, slander of title, and unjust enrichment against the HOA. Thus, the remaining claims are Plaintiff's causes of action for unjust enrichment and injunctive relief against CitiMortgage and Fannie Mae's counterclaim against Plaintiff for unjust enrichment.

The Court notes Fannie Mae's intent to not pursue its counterclaims for slander of title against Plaintiff or the HOA as well as their intent to seek a stipulation, if necessary, from all relevant parties to dismiss the slander of title counterclaim. (#124 at 2, n. 1).

**Legal Standard**

Pursuant to FRCP 54(b), a court may enter final judgment on some, but not all, of the claims presented in an action, and it is within the discretion of the court to determine when a claim is ready for appeal. Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 435 (1956); see also Morrison-Knudson Co., Inc. v. Archer, 655 F.2d 962, 965 (9th Cir. 1981) ("appellate courts must give substantial deference to the lower court's discretion in determining whether an immediate appeal shall lie").

In considering whether to direct entry of a final judgment in a multiple-claim action, a court must consider two factors. Curtiss –Wright Corp. v. Gen. Electric Co., 446 U.S. 1, 7 (1980). First, the court must determine whether the judgment is a final judgment, meaning that the judgment entered "is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" Id. (quoting Sears, Roebuck & Co., 351 U.S. at 436).

Second, the court must decide whether there is any just reason for delay. Curtis-Wright

3

Corp. 446 U.S. at 8. When evaluating whether there are just reasons for delay, the court should consider the judicial administrative interests, such as the possibility of multiple appeals of the same issue, as well as the equities involved. Id. In particular, when there is a risk that a second trial may be required if the ruling on the claims already decided is ultimately reversed on appeal, the court is within its discretion to enter final judgment on the claims already decided, so that review of those claims is not delayed. See Purdy Mobile Homes, Inc. v. Champion Home Builders Co., 594 F.2d 1313, 1316-17 (9th Cir. 1979).

To determine whether a final judgment is warranted, the Ninth Circuit has suggested that the following factors are relevant: (1) "whether certification will result in unnecessary appellate review"; (2) "whether the claims finally adjudicated were separate, distinct, and independent of any of the other claims or counterclaims involved"; (3) "whether review of the adjudicated claims would not be mooted by any future developments in the case;" and (4) "whether the nature of the claims was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." Wood v. GCC Bend, LLC, 422 F.3d 873, 878 n.2 (9th Cir. 2005).

**Analysis**

**A. Final Judgement**

This Court's September 29, 2015 Order sets forth a final judgment as it resolves the central legal issue underpinning all title claims – whether 12 U.S.C. §4617(j)(3) precludes a homeowners' association foreclosure sale conducted under Nev. Rev. Stat. § 116.3116(2) from extinguishing a property interest of FHFA without its consent.  This Court found that it does; that the HOA Sale in this case did not extinguish the Deed of trust; and that Saticoy Bay took title to the Property subject to the Deed of Trust.  As a result, Plaintiff did not prevail on its quiet title and declaratory relief causes of action against any party, and conversely, Fannie Mae did prevail on its quiet title and declaratory relief counterclaims against both Plaintiff and the HOA. Because this Court's determination ultimately disposed of each of those causes of action, the Court's September 29, 2015 Order was a final judgment as to each of those claims.

4

**B. No Just Reason to Delay Entry of a Final Judgment**

The remaining causes of action do not require an interpretation or application of 12 U.S.C. §4617(j)(3).  Rather, according to Fannie Mae, its remaining causes of action for unjust enrichment and injunctive relief  merely seek to recover the amounts Fannie Mae advanced to pay the property taxes levied against the Property and the costs it incurred maintaining the Property following the HOA Sale. These claims are based on a theory of liability not an interpretation of 12 U.S.C. §4617(j)(3) and its affect on NRS § 116.3116(2).  Determination of the pending claims may require examination of CitiMortgage's transactions and agreements with the parties, as well as Plaintiff's standing to invoke Fannie Mae's guidelines.  However, the Court does not foresee the resolution of such issues requiring examination of the application of §4617(j)(3), making the pending claims factually severable.

Plaintiff asserts that the outstanding unjust enrichment and injunctive relief claims are "intrinsically interwoven," by pointing to CitiMortgage's purported violation of servicing guidelines when it made alleged misrepresentations to Fannie Mae.  Thus, in reliance on those misrepresentations, Fannie Mae purchased the subject deed of trust from CitiMortgage thereby unjustly enriching CitiMortgage to Plaintiff's detriment. According to Plaintiff, had the deed of trust remained with CitiMortgage, the deed of trust would have been extinguished at the time of the foreclosure sale, and Plaintiff would have taken the property free and clear of the trust deed.  According to Plaintiff, these facts and the supporting evidence are interwoven with Fannie Mae's claims for declaratory relief and thus should weigh against granting the motion for final judgment.

The Court is unpersuaded by Plaintiff's argument.  The central legal issue pertains to the application of 12 U.S.C. §4617(j)(3) and it's preemption of NRS § 116.3116(2).  The remaining claims do not require an analysis of this issue.

5

Accordingly, IT IS HEREBY ORDERED that Defendant and Intervenor's Motion for Final Judgment Pursuant to Rule 54(b) (#124) is **GRANTED**.

DATED this  24th   day of August 2016.

_____
Kent J. Dawson
United States District Judge