# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| SATICOY BAY, LLC SERIES 1702 EMPIRE MINE,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION; CLEAR RECON CORP.; and CITIMORTGAGE, INC.,<br><br>Defendants. | Case No. 2:14-CV-01975-KJD-NJK<br><br>**ORDER** |

Presently before the Court is Defendant CitiMortgage, Inc.'s ("CMI") Motion to Dismiss, or alternatively, Motion for Summary Judgment (#146/147). Plaintiff filed a response in opposition to both (#151/152) to which Defendant replied (#155).

## I. Background

A Deed of Trust was executed October 21, 2004, securing a home loan in the amount of $149,800 on the property commonly described as 1702 Empire Mine Drive, Henderson, NV 89014. Defendant Federal National Mortgage Association ("Fannie Mae") acquired a first priority security interest in the Property when it purchased the loan from PHH Mortgage Corporation on or about October 28, 2004. CMI began servicing the loan for Fannie Mae on May 1, 2008. CMI then acquired the Deed of Trust by an assignment recorded on February 21, 2012. On June 6, 2014, a Corporate Assignment of Deed of Trust was recorded in which CMI assigned the Deed of Trust to Fannie Mae. Pursuant to CMI's mortgage selling and servicing contract with Fannie Mae, part of CMI's responsibility for protecting the priority of Fannie Mae's lien was "maintenance of accurate records on the status of taxes, ground rents, or other assessments that

could become a lien against the property – and paying the related bills if it maintains an escrow deposit account for that purpose." See Pl. ['s] Opp'n to Mot. for Summ. J. Ex. G, at 2. ECF No. 151. Plaintiff alleges that CMI breached these obligations and made no payments to the HOA to cure the superpriority lien recorded by the HOA against the Property. On August 29, 2014, Plaintiff acquired the Property by a foreclosure deed recorded on September 2, 2014.

The Federal Housing Finance Agency (FHFA), as conservator for Fannie Mae, intervened in this case on December 10, 2014. FHFA and Fannie Mae have successfully argued that 12 U.S.C. § 4617(j)(3) prohibited the HOA from foreclosing its superpriority lien against the Property and extinguishing the deed of trust. Plaintiff alleges that CMI has been unjustly enriched as a result of its alleged failure to abide by the terms of the servicing guidelines. Therefore, Plaintiff seeks damages in the amount claimed to be due and owed on the Deed of Trust assigned to Fannie Mae.

## II. Legal Standard

### A. Motion to Dismiss

A complaint must satisfy the notice pleading standard of Rule 8(a)(2). See Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1103 (9th Cir. 2008). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A claim has facial plausibility when the pleaded facts allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. See id. at 1949–50.

In ruling on a motion to dismiss, a court accepts as true the factual allegations contained in the complaint and views all inferences in a light most favorable to the plaintiff. See Zimmerman v. City of Oakland, 255 F.3d 734, 737 (9th Cir. 2001). Dismissal for failure to state a claim is appropriate if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Id. Dismissal is appropriate only if there is

1 | no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal
2 | theory. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).

### B. Motion for Summary Judgment

Summary judgment shall be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is inappropriate if a reasonable finder of fact, drawing all inferences in favor of the non-moving party, could return a verdict in the non-moving party's favor. See Diaz v. Eagle Produce Ltd. P'ship, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing United States v. Shumway, 199 F.3d 1093, 1103–04 (9th Cir. 1999)).

### C. Unjust Enrichment

Unjust enrichment is "the unjust retention … of money or property of another against the fundamental principles of justice or equity and good conscience." Asphalt Prod. Corp. v. All Star Ready Mix, Inc., 111 Nev. 799 (1995). To state a claim for unjust enrichment, a party must allege and prove: "[1] a benefit conferred on the defendant by the plaintiff, [2] appreciation by the defendant of such benefit, [3] acceptance and retention of such benefit [4] under circumstances such that it would be inequitable for him to retain the benefit without payment of the value thereof." Leasepartners Corp. v. Robert L. Brooks Trust Dated November 12, 1975, 942 P.2d 182, 187 (Nev. 1997). The basis for recovery under an unjust enrichment claim is that a party received a benefit from another which is unjust for him to retain without paying for it. See Crockett & Myers, Ltd. v. Napier, Fitzgerald & Kirby LLP, 583 F.3d 1232, 1238 (9th Cir. 2009).

## III. Analysis

### A. Motion to Dismiss

Plaintiff cannot succeed on its unjust enrichment claim. The measure of damages for an unjust enrichment claim is the benefit received by the defendant. See Crockett, 583 F.3d at 1238. Plaintiff needed to allege and prove that it conferred a benefit on CMI, that CMI appreciated such benefit, and that CMI accepted and retained such benefit under circumstances such that it would be inequitable for CMI to retain the benefit without payment of the value thereof to

1  Plaintiff. See Leasepartners Corp. v. Robert L. Brooks Trust Dated November 12, 1975, 942
P.2d 182, 187 (Nev. 1997).

Plaintiff has failed to allege or prove how it conferred a benefit upon CMI, that CMI appreciated any alleged benefit, that CMI accepted and retained any alleged benefit, or how retention of the alleged benefit would be inequitable. Like in Chemeon, Plaintiff here has not introduced any evidence that it conferred a benefit upon CMI. See Chemeon Surface Tech., LLC v. Metalast Int'l, Inc., 312 F.Supp. 3d 944, 956 (D. Nev. 2018) (granting Defendant's Motion for Summary Judgment because no evidence was introduced by Plaintiff that it had actually conferred the purported benefit of use on … any of the Defendants). Plaintiff has effectively conceded that it cannot meet the elements of its unjust enrichment claim by acknowledging that it did not confer a benefit upon CMI. See Pl. ['s] Opp'n to Mot. for Summ. J. at 4:1. ECF No. 151. ("Saticoy Bay acknowledges that it did not confer a benefit upon CitiMortgage."). Plaintiff has also failed to prove that it suffered any damages as a result of CMI's conduct. Therefore, Plaintiff's unjust enrichment claim fails as a matter of law.

In this case, granting Defendant's Motion to Dismiss (#146) is appropriate. If there is an absence of sufficient facts alleged to support a cognizable legal theory then dismissal is appropriate. See Navarro, 250 F.3d at 732. Even if Plaintiff's factual allegations are viewed in a light most favorable to the plaintiff, they still support dismissal because they acknowledge that Plaintiff did not confer any benefit upon CMI. See Zimmerman, 255 F.3d at 737. Plaintiff admits that it cannot meet the first element of its unjust enrichment claim, therefore the claim fails as a matter of law. See Crockett, 583 F.3d at 1238.

**IV. Conclusion**

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss, or alternatively, Motion for Summary Judgment (#146/147) is **GRANTED;**

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Defendant CitiMortgage Inc. and against Plaintiff;

IT IS FURTHER ORDERED that based on the Order to Show Cause (#138) and the parties' responses (#139/140) that all other remaining claims, counterclaims or crossclaims are

**DISMISSED as moot**;

IT IS FURTHER ORDERED that the Clerk of the Court close this case.

Dated this 19th day of August, 2019.

_____
Kent J. Dawson
United States District Judge